BERRY SMITH v. TEXAS & PACIFIC RAILWAY COMPANY.

Decided June 30, 1900.

**Negligence—Proximate Cause.**

Where a railroad employe, while attempting to fasten the door of a stock car into which wild and unbroken horses had just been driven was injured by one of them rushing out and kicking him, he is not entitled to recover therefor, as the kicking was the proximate cause of the injury, although but for a defective fastening the door would have been secured in time to have prevented the escape of the horse. STEPHENS, Associate Justice, dissenting.

APPEAL from Ector. Tried below before Hon. W. R. SMITH.

*W. W. Martin,* for appellant.

*Bidwell & Stennis,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—Appellant was severely injured, September 6, 1898, while engaged in the service of appellee, and brought this suit to recover damages. Upon a trial before a jury the court instructed a verdict against him. He alleged as ground of recovery, and the evidence tended to prove, "that on said 6th day of September, 1898, after appellant and others had driven into and loaded upon one of the stock cars of defendant for shipment a number of horses, appellant, in pursuance of his duty by reason and virtue of his said employment, was attempting to close, fasten, and secure the gate or door to said stock car, in order to prevent the escape of said horses therefrom, when one of said horses, without fault or negligence on the part of appellant, rushed out of said stock car through the door or gateway entrance which appellant was endeavoring to close, and before appellant had time to or could make his escape, kicked appellant and broke his thigh; that said door or gate was operated in opening and closing by means of a bar of iron attached to the side of the car and loops of iron attached to the top of the door, and to said bar through which loops said bar slided in opening and closing the door; that bolts of iron passed through the

side of the car, the ends of which bolts were in close proximity to said bar of iron on which said loops slided; that through the negligence of appellee, one of said bolts became displaced and out of adjustment and projected from the side of the car in such manner as to interfere with and prevent the sliding of said loops on said bar; that when appellant attempted to close said door, as aforesaid, said bolt so displaced, out of adjustment and projecting, as aforesaid, caught against one of said loops and prevented the closing of said door; that appellant never knew that said bolt was displaced, out of adjustment and projecting, as aforesaid, until he was attempting to close said door, and until said loop caught against the same, at a time too late for him to protect himself against said injury; that appellee knew of said defective condition of said bolt, or might have known thereof by the exercise of reasonable and ordinary care and diligence; that had it not been for the said displacement, misadjustment, and projection of said bolt, appellant could easily have closed said door or gate, and would have done so, and would thereby have prevented the escape of said horse through said doorway, and thereby have avoided and prevented said injury."

To this quotation from appellant's brief we add the following excerpt from his testimony: "The door was wide open when the stock went in. It was not closed any until I attempted to close it. The chute is what runs into the car from the stockpen, through which the stock pass in going from the pen into the car. There is a gate between the pen and the chute. In closing the door one has to get into the mouth of the chute, or he can not close it. The horses loaded that day were stock range horses and skittish. You could not have gotten horses into the car and closed the door in any other way than as I did. It was necessary to get into the chute in order to get the horses in and close the door."

Upon the authority of Railway v. Bigham, 90 Texas, 223, the majority hold that the negligence complained of was not the proximate cause of the injury, but that it was wholly due to an intervening cause,—the kicking of the horse,—and hence approve the court's action in withdrawing the case from the jury. The writer, however, is very much inclined to a contrary conclusion, and hence makes the following brief statement of his reasons for distinguishing this case from the Bigham case.

The duty of the master to exercise due care to furnish the servant a reasonably safe place to work is a familiar one, and if the negligence of the master renders such place unsafe and the servant is injured in consequence thereof, liability attaches, provided the injury is such as, under the attendant circumstances, might reasonably have been foreseen; that is, if it is the natural and probable and hence the proximate result of the negligence. Let us apply this rule to the facts of this case. Appellee was engaged in shipping wild or "skittish" horses from the range in western Texas, and in order to load and confine them in its cars required appellant, as stated in his testimony, to enter the chute and close the

car door immediately behind them, and must have contemplated that appellant was dependent for his safety in the discharge of this duty upon the car door's being in proper condition for its intended use. Otherwise the "skittish" horses were liable to run over or kick him in making their escape from the car,—a result so natural and probable that it must be held to have been foreseen. What else could have been expected from placing a man in a narrow chute to close a sliding door upon wild horses with no means of protecting himself against the natural propensities of such animals but the door in question?

The Bigham case was not one of an employe who was put in a dangerous place by the master, but the facts of that case were peculiar, involving, perhaps, an extraordinary combination of occurrences which could not reasonably have been anticipated. At least the Supreme Court so held. Negligence and proximate cause are questions of fact in this State, and the case ought to be a very clear one before the court is warranted in taking it from the jury.

However, as the majority, being unable to distinguish this case from the Bigham case, have concluded that the injury sustained by appellant was not the proximate result of the negligence alleged, and which the evidence tended to prove, the judgment is affirmed.

*Affirmed.*