TEXAS & PACIFIC RAILWAY COMPANY v. MRS. N. E. C. BERRY.

Decided February 21, 1903.

**1.—Railroads—Blowing Whistle for Crossing.**

The statutory requirement that the whistle of the engine shall be blown at a distance of at least eighty rods from a public crossing does not apply in the case of a train starting from a point less than eighty rods from the crossing. Rev. Stats., art. 4507. (That the bell, however, must be kept ringing, see Railway v. Greer, 32 Texas Civ. App., —, 75 S. W. Rep., 552.)

**2.—Same—Injury Caused by Fright—Sudden Peril—Charge Assuming Negligence.**

A charge that "the fact that plaintiff may have stepped in the wrong direction, thereby suddenly placing himself in peril [from a passing engine], would not defeat her recovery," was on the weight of evidence as assuming that plaintiff was placed in a perilous position by the negligence of the defendant.

Appeal from the District Court of Van Zandt. Tried below before Hon. J. G. Russell.

*T. J. Freeman* and *H. M. Cate,* for appellant.

*W. B. Wynne,* for appellee.

BOOKHOUT, Associate Justice.—This is a suit by the appellee against the appellant to recover damages for personal injuries sustained by her in being struck and knocked down by one of the appellant's engines. A trial resulted in a verdict and judgment for the appellee, and the railway company appealed.

1. Edgewood is a station on the line of the Texas & Pacific Railroad in Van Zandt County. It has about 400 inhabitants and ten business houses. The appellant maintains two tracks through the town, the northern track being defendant's main track, and the one next to it on the south being its passing track. The depot is south of both tracks. The business part of the town is north of the main track. There is a public road or street running south from the business part of town crossing the railroad right of way on° the east side of the depot. A freight train ran into Edgewood, coming from the east, and went in on the passing track and came to a standstill, leaving the main track clear for the east-bound passenger train. The freight train was cut so as to leave the crossing clear. The east-bound passenger train came in on the main track and stopped; the appellee got off this train and went south over the crossing to the depot. After the passenger train had pulled out the freight train was coupled up and backed out of the side track east about 150 yards onto the main track. It was then started west on the main track; it being down grade the steam was shut off and the train permitted "to roll down" by its own weight, and was running from four to six miles per hour when it reached the crossing. The appellee, when she saw the freight train back out, started from the depot to cross over to the business part of town. She had just cleared the north rail of the main track when she was struck by the crossbeam of the engine of the approaching train. She was knocked down and injured. The track was straight, and she could have seen the approaching train had she looked. She says she did not hear any signal or noise and that she did not look. The evidence is conflicting as to whether the bell on the engine was being rung. The evidence tends to show that a train rolling down as this was does not make very much noise.

The court instructed the jury as follows: "And if you further find that the employes of the defendant operating said engine failed to blow the whistle of said engine and ring the bell of said engine at a distance of at least eighty rods from said crossing, or failed to keep said bell ringing until said engine crossed said public road or stopped, and if you further so find that the failure of said employes to blow said whistle and ring said bell, or the failure of said employes to keep said bell ringing as aforesaid, was the proximate cause of plaintiff being struck and injured, then you will find for the plaintiff, unless you find otherwise under the instructions hereinafter given you." The giving of this charge is assigned as error. The charge was not applicable to the case as made. When the freight train backed out from the passing track onto the main track it did not reach a point eighty rods from the crossing, but only about 150 yards to a switch, where it cleared the passing

track and started west on the main track, and hence it could not have given the signal for a crossing required by article 4507 of the Revised Statutes. In such a case the statute does not apply. Railway Co. v. Greer, 29 Texas Civ. App., 561; Railway Co. v. Nycum, 34 S. W. Rep., 460.

2. It is insisted that the court erred in giving a special charge to the jury at the request of the plaintiff, reading: "You are further charged in this case that if you should find from the evidence that plaintiff, in crossing the track of defendant company, had gotten across the track and reached a place of safety, and if she had remained where she then was that she would have escaped injury, and that she turned back suddenly toward the track upon the sudden approach of the train, and that the cause of her turning was the sudden approach of the train in close proximity to her, and that her act was such as an ordinarily prudent person might have been expected to do under like circumstances; and if you further find that the employes in charge of the train were guilty of negligence in operating the train, as the same has been defined to you, then I charge you that the fact that she may have stepped in the wrong direction, thereby suddenly placing herself in peril, would not defeat her recovery, if you find that her so doing was caused by the negligence of the defendant's employes." The charge is subject to the criticism that it is upon the weight of the evidence in telling the jury that "the fact that she may have stepped in the wrong direction, thereby suddenly placing herself in peril, would not defeat her recovery." It assumes that the appellee was placed in a perilous position by the negligence of the defendant, and that appellee was thereby induced to step in the wrong direction. If, by the negligence of the railway company, appellee was, without her fault, placed in a position of peril, and as a resule thereof, in her effort to save her life, she started back across the track, the same would not necessarily amount to negligence on her part. Railway Co. v. Neff, 87 Texas, 303; Railway Co. v. Rogers, 91 Texas, 52; Railway Co. v. Oslin, 26 Texas Civ. App., 370, 2 Texas Ct. Rep., 1035.

The issues as to whether, under all the facts, plaintiff was guilty of negligence in failing to discover the approaching train, and if not, whether she was placed in a position of peril by the negligence of the defendant which proximately caused her injury, should have been clearly submitted to the jury in a proper charge.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*