SCHAFF v. BEARDEN. (No. 8147.)

(Court of Civil Appeals of Texas. Dallas. April 12, 1919.)

1. STATUTES ⬅️241(1) — PENAL STATUTES — CONSTRUCTION.

Penal statutes must be strictly construed.

2. RAILROADS ⬅️326(1) — CROSSINGS — CONTRIBUTORY NEGLIGENCE—SPEEDING.

Vernon's Ann. Pen. Code Supp. 1918, art. 820*l*, providing that motor vehicles shall not be driven at a speed of more than six miles an hour at railroad crossings where view of crossing is obscured, is inapplicable to one struck at a crossing where the view of the approaching train was obstructed.

3. RAILROADS ⬅️312(11)—CROSSINGS — SIGNALS.

The statute, requiring the ringing of a bell at least 80 rods from a crossing when approaching the same, does not apply to a train and engine backing from a point less than 80 rods from a crossing.

4. RAILROADS ⬅️337(5)—CROSSINGS—WARNINGS—CAUSE OF INJURY.

Where a train of 23 cars was backing towards a crossing, and the engine was some 900 feet away when automobile was struck at the crossing, on evidence that the bell, if rung, could not have been heard at the crossing, failure to ring it was not the proximate cause of the injury.

5. RAILROADS ⬅️348(4)—CROSSINGS — EVIDENCE—SIGNALS.

Negative testimony of the driver of an automobile struck at a crossing and another person that they did not hear the bell rung as the train was approaching *held* insufficient to sustain a finding that the bell was not rung.

6. RAILROADS ⬅️346(7) — CROSSINGS—BURDEN OF PROOF.

To recover for negligence in failing to ring bell for crossing, it is incumbent upon plaintiff to show affirmatively that bell was not rung, and that such failure was proximate cause of accident.

Appeal from Hill County Court; R. T. Burns, Judge.

Suit by Rodney Bearden against C. E. Schaff, receiver of the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Collins, Morrow & Morrow, of Hillsboro, for appellant.

T. H. Jackson and Thos. Ivy, both of Hillsboro, for appellee.

TALBOT, J. This suit was filed by the appellee, Rodney Bearden, against the appellant, C. E. Schaff, receiver of the Missouri, Kansas & Texas Railway Company of Texas, to recover $500 damages alleged to be due on account of one of appellant's trains striking and injuring an automobile of appellee, driven by his son Benton Bearden. A trial before a jury resulted in a verdict and judgment in favor of appellee for the sum of $300. A motion for a new trial was filed and overruled, and notice of appeal given.

[1, 2] The first assignment of error complains that the court erred in refusing to give a special charge requested by appellant directing the jury to return a verdict in favor of appellant. The proposition asserted is as follows:

"The evidence showing beyond dispute that the operative of the automobile, Benton Bearden, consciously approached the steam railroad crossing at grade, and that the view of said crossing was, as he knew, obstructed at least partially, and further showing beyond dispute that he knew that there was no flagman at said crossing, and further showing beyond dispute that he failed to bring his automobile down to a speed of not exceeding 6 miles per hour at some point not nearer than 30 feet of said track, he was guilty of contributory negligence as a matter of law which deprived the appellee of the right to recover."

This contention is based upon article 820l, Penal Code Vernon's Civil and Criminal Statute, 1918, Supplement, which reads thus:

"Any person driving a motor vehicle or motor-cycle, when approaching the intersection of a public street or highway with the tracks of a steam railroad or interurban railroad, where such street or highway crosses such track or tracks at grade, and where the view of the said crossing is obscured, either wholly or partial-ly, shall before attempting to make the said crossing, and at some point not nearer than thirty feet of the said track, reduce the speed of his motor vehicle or motorcycle to a speed not to exceed six miles per hour before making the said crossing, unless there are flagmen or gates at such crossing and such flagmen or gates show that the way is clear and safe to cross such track or tracks."

This statute is inapplicable, it occurs to us, under the facts. The evidence is undisputed that the driver of the automobile approached the crossing in question going west at a speed of 12 or 15 miles an hour, and warrants the conclusion that he did not observe the train which it is alleged struck the automobile un-til within about 10 feet of the crossing; that there was no flagman at the crossing and none maintained there by the appellant; that there were some houses and trees near and north of the street on which the auto-mobile was moving and not very far from and east of the steam railroad track on which appellant's train was being backed towards the crossing; that said houses and trees par-tially obstructed the driver's view of said approaching train; and that the driver of the automobile did not see the train until it was about 30 yards from and north of the crossing, but the view of the crossing itself was not obscured either wholly or partially. The statute relied on by appellant is penal and must be strictly construed. By its terms it only applies when the view of the crossing and not the view of the approaching train before it reaches the crossing is wholly or partially obscured. Under the evidence, the trial court was not authorized to conclude that Benton Bearden, the driver of the auto-mobile was guilty of contributory negligence as a matter of law, and the peremptory in-struction requested by appellant was prop-erly refused.

[3-6] The court instructed the jury that, if they believed from a preponderance of the evidence that the operatives of appellant's train when the train was approaching the street crossing failed to ring the bell of the locomotive and to keep the bell ringing until it reached the crossing at the place where the accident occurred, then in law such fail-ure was negligence on the part of the appel-lant, and that if they further believed from the evidence that by reason of such negli-gence, and without negligence on the part of appellee's son, Benton Bearden, the train struck and injured appellee's automobile, to find for appellee. This charge was objected to by appellant, and the giving of it is as-signed as error. The assignment should, we think, be sustained. The point from which appellant's train and engine started was less than 80 rods from the crossing where the col-lision in question occurred, and the statute upon which the court's charge is predicated is not applicable. Railway Co. v. Nycum, 34 S. W. 460; Railway Co. v. Berry, 72 S. W. 423, 32 Tex. Civ. App. 259. If, however, the statute referred to is applicable, the charge should not have been given. The practically undisputed evidence is that the train in ques-tion consisted of 23 cars and the engine; that these cars were 35 or 40 feet in length; that the train was being backed south towards the crossing with engine attached to the north end of the train; and that the engine was about 900 feet from the crossing when the automobile was struck. The evidence was insufficient to warrant a finding that the bell was not being rung as the train ap-proached the crossing. The only testimony found in the record upon the subject is that of Benton Bearden, who was driving the automobile, and his brother-in-law L. D. In-man, who claims to have witnessed the acci-dent from his residence distant 90 yards from the crossing. Bearden testified that, if the bell was being rung as the train ap-proached the crossing, he did not hear it; and Inman testified that he saw the train when it was about 40 feet from the crossing, and that if the bell was being rung he did not hear it. This was purely negative tes-timony, and it does not appear that the driv-er of the automobile was in such position that if the bell had been rung he could or would have heard it. On the contrary, In-man testified that he could not have heard the bell, if it had been ringing, on account of the fact that it was too far up the track and because of the "racket" the train was mak-ing. To sustain the charge that appellant was guilty of negligence in failing to ring the bell as the train approached the crossing, it was incumbent upon appellee to show affirmatively that the bell was not rung, and that the failure to ring it was the proximate cause of the accident and injury to the auto-mobile. If appellant was guilty of negli-gence in failing to ring the bell, yet, if such failure did not proximately cause the col-

lision of the train and automobile, appellee could not recover because of such negligence. If, because of the distance the engine was from the crossing and the noise of the moving train, the driver of the automobile could not have heard the ringing of the bell, the failure to ring it, if it was not rung, could not have been the proximate cause of the accident. The testimony · shows that Inman was in practically as good position to hear the ringing of the bell as the driver of the automobile, Bearden,. was, and he says he could not have heard it, for the reason stated, if it had been ringing, and Bearden says he did not hear it if it was being rung. The issue submitted of appellant's failure to ring the bell was not raised by the evidence, and the submission of it was error. A general verdict was rendered by the jury, and their finding of liability on the part of appellant may have been based upon conclusion that the appellant was guilty of negligence in failing to keep the bell ringing as the train approached the crossing. It cannot therefore be said that the submission of the issue was harmless.

It is believed that the other assignments disclose no reversible error, and that a discussion of them is unnecessary.

For the error indicated, the judgment is reversed, and the cause remanded.