### DALLAS RY. CO. v. EATON et al.
### (No. 1627.)

(Court of Civil Appeals of Texas.   Amarillo. April 28, 1920.   Rehearing Denied June 2, 1920.)

**1. Negligence ⬅82—Contributory negligence not bar, unless proximate cause of injury.**

Negligence on the part of the plaintiff will not bar recovery for injuries resulting from the negligent act of the defendant, unless plaintiff's negligence was the proximate cause of the injury.

**2. Negligence ⬅136(25) — Proximate cause question for jury.**

The question of proximate cause is one of fact for the jury, unless the facts are such that reasonable minds might not differ as to the conclusion to be drawn therefrom.

**3. Street railroads ⬅117(34) — Proximate cause of jitney passenger's injuries held for jury.**

In an action for injuries to a jitney passenger, riding on the running board struck by a street car when jitney driver turned onto track in front of car, so that passenger was crushed between the jitney and the car, whether passenger's negligence in riding on running board in violation of a city ordinance was 'the proximate cause of injuries *held* under the evidence a question for the jury.

**4. Street railroads ⬅118(1)—Charge submitting jitney driver's negligence held justified by pleadings.**

In action against street railroad for injuries to jitney passenger riding on running board, when jitney collided with street car, the pleading of jitney driver's negligence in driving at a reckless rate of speed and in driving on track in front of street car, and the pleading, in connection with plea of contributory negligence, that passenger violated an ordinance

in riding on running board, without pleading that driver was negligent in permitting passenger to so ride, *held* to have justified charge submitting issue of driver's negligence, where court directed finding that passenger was negligent in riding on running board, since jury could not have understood such charge to have reference to violation of ordinance by driver.

**5. Appeal and error ⬅1062(1)—Submission of negligence of jitney driver in jitney passenger's action against street railroad held not prejudicial to street railroad.**

In action against street railroad for injuries to jitney passenger in collision with street car, the action of the court in submitting the question of jitney driver's negligence in operation of car, if error, was not prejudicial to street railroad, where the evidence showed car employés to have been negligent, since concurring negligence on part of jitney driver would not have defeated recovery.

**6. Street railroads ⬅112(1)—Street railroad has burden of sustaining its plea that jitney driver's negligence caused passenger's injury.**

In an action for injuries to jitney passenger in collision with street car, where street railroad pleaded as an affirmative defense that the accident was caused solely by the negligence of the driver, the street railroad had the burden of sustaining such plea.

**7. Appeal and error ⬅1068(1) — Error in charging on burden of proof on issue cured by peremptory charge thereon.**

In negligence action, any error in charging the jury as to the burden of proof on the issue of negligence of the plaintiff was obviated by the peremptory charge on the issue and the finding of the jury in response thereto.

**8. Negligence ⬅122(1) — Defendant must prove that contributory negligence was proximate cause of injury.**

To establish the defense of contributory negligence, defendant must prove, not only that plaintiff was negligent, but also that such negligence was the proximate cause of the injury.

**9. Damages ⬅216(8) — Instruction as to mother's damages in action for services of injured minor son held not misleading.**

In mother's action for injury to minor son, instruction submitting as a measure of mother's recovery such sum of money "as paid now will be reasonable compensation to the plaintiff for the loss of the services, if any," of the son "until he becomes 21 years of age," *held* not misleading as against contention that it authorized damages for loss of services until he became 21 years of age, though evidence did not warrant conclusion that disability might continue until such time.

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Suit by Mrs. Nevada M. Eaton and another against the Dallas Railway Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Templeton, Beall, Williams & Calloway, of Dallas, for appellant.

S. C. Lewis, of Dallas, for appellees.

BOYCE, J. Mrs. Nevada M. Eaton sued the appellant railway company, in her own behalf and as next friend for her minor son, A. Y. Eaton, for damages on account of injuries inflicted upon the person of the said A. Y. Eaton in a collision between a street car, operated by the appellant, and a jitney, on which the said Eaton was riding. The defendant, denied negligence in the operation of its said car, and alleged that the negligence of the jitney driver was the sole proximate cause of the injury, and further that the said A. Y. Eaton was guilty of such contributory negligence as would bar a recovery. Judgment was rendered for the plaintiff on the findings of the jury, and defendant prosecutes this appeal.

A. Y. Eaton was at the time of the accident about 18 years old, living with his mother, and contributing to her support. A street car operated by the appellant, ran into a jitney on which Eaton was riding, and he was injured thereby. The jitney, at the time it was struck, had all seats occupied, and the said A. Y. Eaton was standing on the running board on the left side. The jitney and the street car were going in the same direction. The testimony is conflicting as to whether the collision occurred as the jitney was attempting to pass the street car, or whether the street car came up behind the jitney and struck it. In view of the verdict of the jury, we find that the jitney was running along the street in front of the street car; that another vehicle turned out into the street in front of the jitney, and the jitney driver, in order to avoid this vehicle, turned out to the left, so that the left wheels of the automobile were across the right rail of the street car track. The street car struck the jitney while in this position, and pushed it along in front of the car. As it did so the jitney was moving around in front of the street car, and plaintiff Eaton was crushed between the side of the jitney and the front of the street car. The street car pushed the jitney, after it struck it, from 25 to 100 feet: the distance being variously estimated by the different witnesses. After the street car was stopped, there was some little delay in backing it off, so as to relieve plaintiff Eaton from his predicament. The jitney was not overturned, and none of the other occupants were injured. The evidence is sufficient to warrant the conclusion that the driver of the jitney was not negligent in his operation of the car, and that the collision was the result of negligence on the part of appellant's employés, operating the street car. There was at the time a city ordinance in force in Dallas, where the accident occurred, by which it was made unlawful to drive a motor bus while any person was standing or sitting on the running board, and by which it was also made unlawful for any person to stand on the running board of such motor bus while it was in operation.

The court instructed the jury that the plaintiff A. Y. Eaton was guilty of negligence as a matter of law in riding on the running board of the automobile at the time of the accident, but submitted to the jury the question as to whether this negligence "caused or contributed to cause the injury." The jury answered this question in the negative. Appellant, under various assignments, contends that there was no evidence to support the submission of such issue, or the finding of the jury in answer thereto; that it results, from the very manner of the infliction of the injury upon plaintiff Eaton, that his position on the automobile contributed to the injury, and that but for his position he would not have been injured, so that it ought to be held as a matter of law that A. Y. Eaton's violation of the city ordinance constituted such contributory negligence as would preclude recovery in this case.

[1, 2] Negligence on the part of the plaintiff will not bar recovery for injuries resulting from the negligent act of the defendant, unless plaintiff's negligence was a proximate cause of the injury. The question of proximate cause is one of fact for the jury, unless the facts are such that reasonable minds might not differ as to the conclusion to be drawn therefrom. The same principles of law governing the application of the law of proximate cause in the ordinary negligence case are applicable in cases of contributory negligence; these general principles have been so often stated by our courts that it is not necessary to restate them here. The leading case in this state is that of T. & P. Railway Co. v. Bigham, 90 Tex. 223, 38 S. W. 163. It can be certainly said that it conclusively appears from the facts of this case that plaintiff would not have been injured in the manner and way he was injured, but for his position on the running board of the jitney. But can it be said with certainty that he would not have been injured at all, but for such position? It can never be known whether, if the occupants of the automobile had all been on the inside, it might not have been overturned, with even more serious results to the occupants than was sustained. It is certain that plaintiff Eaton's weight on the outside of the center of gravity of the jitney, and on the side from which the impact was delivered, had a tendency to prevent its overturning. But, laying aside speculations of this character, and assuming that the evidence sufficiently shows that plaintiff would not have been injured at all, if he had not been on the running board of the car, we are nevertheless of the opinion that the question of proximate cause remained one of fact. The act of the defendant in running

into the jitney was the immediate cause of the injury. Plaintiff Eaton's position had nothing to do with this act. His negligence merely placed him in a position to be injured by the negligent act of the defendant. The following statement has been frequently approved by the decisions as announcing· the law in such cases:

"A prior and remote cause cannot be made the basis of an action, if such remote cause did nothing more than furnish the condition or give rise to the occasion by which the injury was made possible, if there intervened between such prior or remote cause and the injury a distinct, successive, unrelated, and efficient cause of the injury. If no danger existed in the condition, except because of the independent cause, such condition was not the proximate cause. * * * But, where the condition· was such that the injury might have been anticipated, it will be the proximate cause, notwithstanding the intervening agency, ·or where such condition rendered it impossible to avoid injury from another contributing cause." 29 Cyc. p. 496.

To the same effect see the following authorities: Wells-Fargo v. Benjamin, 107 Tex. 331, 179 S. W. 513; Railway Co. v. Kelley, 13 Tex. Civ. App. 1, 34 S. W. 813, 46 S. W. 863; Railway v. Votaw, 81 S. W. 133; Railway v. Ford, 56 Tex. Civ. App. 521, 121 S. W. 713; G., H. & S. A. Ry. Co. v. Pendleton, 30 Tex. Civ. App. 421, 70 S. W. 996; Keevil v. Ponsford, 173 S. W. 518; Smith v. T. & P. Ry., 24 Tex. Civ. App. 92, 58 S. W. 151; Steele v. Burkhardt, 104 Mass. 59, 6 Am. Rep. 191; The Santa Rita (D. C.) 173 Fed. 413; 20 R. C. L. pp. 136, 137; Thompson on Law of Negligence, § 216.

In the case of Wells-Fargo Express Co. v. Benjamin, 107 Tex. 331, 179 S. W. 513, decided by our Supreme Court, plaintiff was injured by the negligence of the express company in so loading its truck that an article fell off of it and struck the plaintiff, who was standing nearby. The defendant claimed that plaintiff was guilty of contributory negligence in putting himself in danger by going near the truck. It is certain that in that case the plaintiff would not have been injured, if he had not been in such position, yet the Supreme Court held that it would have been error to have submitted a charge which would bar recovery upon a finding of negligence by the plaintiff in going near the truck, without permitting the jury to pass on the question of proximate cause in that connection. This conclusion is based on the theory that reasonable minds might differ as to whether injury might be anticipated from the plaintiff's alleged negligent act in going near the truck. In the case of Railway Co. v. Ford, 56 Tex. Civ. App. 521, 121 S. W. 713, the plaintiff took a position in front, of an approaching engine, for the purpose of mounting the pilot. His foot caught between the ties and he was injured. It was held that, even if plaintiff was negligent in going in front of the engine, yet such act was not necessarily the proximate cause of the injury, since that resulted from the unforeseen circumstance of his foot becoming fastened between the ties; the condition of the ties being unknown to the plaintiff. In the case of Steele v. Burkhardt, 104 Mass. 59, 6 Am. Rep. 191, plaintiff left his team standing on the streets of a city, in violation of the city ordinance, and it was held that this act was not the proximate cause of an injury to the team, caused by the defendant's servant negligently driving against them.

[3] The plaintiff Eaton might be held to be bound to anticipate the danger of falling off the running board, or, if his body projected beyond the automobile, of being struck by some vehicle passing in the crowded streets of the city; but ordinarily one is not bound to anticipate the negligence of another. But, even if plaintiff were bound to anticipate the possibility of a violent collision, it does not necessarily follow that he was in the most dangerous position in such event. As it turned out, he was in the most dangerous position in the particular way in which this collision occurred, but in many imaginable cases of collision a position on the outside of the car might be the safest. Under the facts we have concluded that the court properly submitted to the jury as a question of fact the issue of proximate cause.

The court submitted issues as to whether the jitney driver was negligent, and whether such negligence, if found to exist, was the sole proximate cause of the injury. Under the fifth and sixth assignment, appellant insists that it was error for the court to submit any issue as to negligence on the part of the jitney driver, because it was undisputed that he was violating a city ordinance in driving the jitney with plaintiff Eaton on the running board. The defendant did not plead negligence on the part of the jitney driver in operating the jitney with passengers on the running board, but did plead that the said driver was driving said jitney at a dangerous and reckless speed, and that just as he passed in front of defendant's car the rear wheel of the jitney caught on the front of defendant's car, thereby swinging said jitney diagonally across in front of the street car, and that the driver of said jitney was guilty of negligence in these acts, which negligence was the direct, sole, and proximate cause of the injury.

The defendant did plead that the plaintiff was violating the city ordinance in riding on the running board of the jitney; this allegation being made in connection with the plea of contributory negligence. The court charged the jury that it was the duty of the jitney driver to exercise ordinary care with respect to the time and manner of the operation of his jitney, for the safety of the plaintiff and other passengers, and a failure· to exercise such care would be negligence. The

court further charged the jury that it was the duty of the plaintiff Eaton to exercise ordinary care for his own safety, and that a violation of the ordinance in reference to riding upon the running board of a motor bus was negligence. Following these instructions the court submitted an issue as to whether "the jitney driver was negligent, as the term 'negligence' has been defined in paragraph 4 of this charge." The jury answered "No" to this issue. Following this issue the court required the jury to answer, in the event such preceding issue was answered in the affirmative, the further issue as to whether the negligence of the jitney driver was the sole proximate cause of the injury to the plaintiff Eaton. As we have already seen, the court directed the jury to find the plaintiff guilty of negligence by reason of his riding on the running board, but submitted to the jury the issue as to whether such negligence was the proximate cause of the injury.

[4, 5] It will be thus seen that the court's charge corresponded exactly to the pleading of the defendant. The issue of negligence on the part of the jitney driver submitted was evidently in reference to the manner of driving the jitney at the time, independent of the defense based on the plaintiff's riding on the running board. The pleading made such issue, and the court was justified in submitting it. There was no issue made by the pleading as to the negligence of the jitney driver in allowing the plaintiff to ride on the running board, and the jury evidently did not misunderstand the issues as submitted. Even if the defendant had pleaded negligence of the jitney driver in permitting the plaintiff Eaton to ride on the running board, there would be no reversible error in the charge of the court. The negligence of the jitney driver in such matter would be only a concurring cause with the act of the defendant in striking the jitney and thus producing the injury, and since the jury found that the defendant was guilty of negligence in striking the car, this concurring negligence on the part of the jitney driver in allowing the plaintiff to ride on the running board of the car would not defeat a recovery.

[6-8] No reversible error is shown by the ninth assignment. The defendant pleaded as an affirmative defense that the accident was caused solely by the negligence of the jitney driver, and the burden was upon it to sustain this plea, so that there was no error in the charge so placing such burden. Any error in charging the jury as to the burden of proof on the issue of negligence of the plaintiff was obviated by the peremptory charge on the issue and the finding of the jury in response thereto. As we have seen, an essential element of the defense of contributory negligence was that the plaintiff's negligence alleged should be found to be a proximate cause of the injury. Therefore a prima facie cause of contributory negligence was not made by the mere showing of negligence on plaintiff's part, so as to bring the case within the rule announced by the Supreme Court in the case of G., C. & S. F. Railway Co. v. Shieder, 88 Tex. 152, 30 S. W. 904, 28 L. R. A. 538. The burden was upon the defendant, in order to establish its defense of contributory negligence, to show both the fact of plaintiff's negligence and that it was a proximate cause of the injury. A conclusive showing of negligence did not shift the burden on the issue of proximate cause. T. & P. Ry. Co. v. Bailey, 150 S. W. 962. Therefore there was no error in instructing the jury that the burden was on the defendant on this issue.

[9] The tenth assignment complains of that part of the charge which submits, as a measure of the mother's recovery in her own behalf, such sum of money—

"as, paid now, will be reasonable compensation to the plaintiff Mrs. Nevada Eaton for the loss of the services, if any, of the plaintiff A. Y. Eaton until he becomes 21 years of age, and for reasonable physician's and sanitarium bills, if any, incurred by her, as the direct and proximate result of the negligence of the defendant if any."

The complaint brought against the charge is that the evidence shows that the injury was temporary, and does not warrant a conclusion that it may continue until the said A. Y. Eaton should reach his majority. There is no claim that the verdict is excessive. We do not think that the jury could have been misled by the terms of this charge into awarding plaintiff any damages to which she was not entitled.

The other assignments are necessarily disposed of by the conclusions announced in the discussion of the assignments considered.

We find no reversible error, and the judgment will be affirmed.