COMMERCIAL STANDARD INSURANCE COMPANY V.
ROBERT GUY DAVIS.

Application No. 24,798. Decided March 6, 1940.
(137 S. W., 2d Series, 1.)

*Todd, Crowley & Thompson* and *Allen Crowley,* all of Brownwood, and *White, Taylor & Gardner,* of Austin, for plaintiff in error.

*E. M. Davis* and *J. C. Darroch,* both of Brownwood, for defendant in error.

PER CURIAM:

This suit was filed in the District Court of Mills County, Texas, by Dr. Robert Guy Davis against Commercial Standard Insurance Company, to recover compensation as an employee of Daniel Baker College, a corporation. Trial in the district court with the aid of a jury resulted in a verdict and judgment for Dr. Davis. On appeal by the insurance company to the Court of Civil Appeals at Austin, the judgment of the district court was reversed and the cause remanded for a new trial on account of a trial error. 135 S. W. (2d) 794. The insurance company has appealed to this court for writ of error, contending that the Court of Civil Appeals erred in refusing to finally render judgment for it. The case is before us only on such application.

Daniel Baker College is a nonprofit religious educational corporation, duly incorporated under the laws of this State. Such corporation owns and operates a college, known as Daniel Baker College, at Brownwood, Brown County, Texas. During the time here involved, this insurance company was the compensation insurance carrier of the corporation, Daniel Baker College. Dr. Davis contends that he was injured while in the discharge of his duties as an employee of Daniel Baker College, a corporation. He claims compensation under the above-mentioned insurance policy. The insurance company contends that Dr. Davis was not covered by its insurance policy, because of the provisions of Article 8309, Section 1a, R. C. S. 1925. Such statute reads as follows:

"The president, vice-president or vice-presidents, secretary or other officers thereof provided in its charter or by-laws and the directors of any corporation which is a subscriber to this law shall not be deemed or held to be an employe within the meaning of that term as defined in the preceding section hereof, and this notwithstanding they may hold other offices in the corporation and may perform other duties and render other services for which they receive a salary."

■ Under the plain provisions of the above-quoted statute, if, at the time of his injury, Dr. Davis was president of the corporation, Daniel Baker College, he is excluded from the protection afforded the employees of such corporation under the compensation insurance policy made the basis of this suit. We think this is true, whether he was president de jure or de facto.

■ The insurance company contends that the evidence contained in this record, and detailed in the opinion of the Court of Civil Appeals shows, as a matter of law, that Dr. Davis was president of the corporation, Daniel Baker College. The Court of Civil Appeals holds that such evidence shows, as a matter of law, that Dr. Davis was not president of the corporation just mentioned. We are not in accord with either the contention of the insurance company or the holding of the Court of Civil Appeals. In regard to the question of whether or not Dr. Davis was president of the corporation above named, we think the evidence raises a fact question, which, on another trial, should be submitted to the jury, if the case is tried with a jury, for a fact finding. It is true that the facts are undisputed, but the mere fact that such is the case does not always eliminate the right to a fact finding. If reasonable minds can draw different inferences or conclusions from undisputed facts, a fact

issue is presented. We think the evidence contained in this record would justify a fact finding either way on the question as to whether or not Dr. Davis was president of the corporation, Daniel Baker College, at the time he was injured.

As already stated, this case is before this Court on application for writ of error filed by the insurance company. The Court of Civil Appeals reversed the judgment of the trial court and remanded the cause for a new trial. The insurance company applies for a writ of error, contending that the Court of Civil Appeals erred in not rendering judgment for it. We have made the above observations in view of a new trial in order to guard against another reversal.

The application for writ of error filed herein by the insurance company is "DISMISSED W. O. J.—CORRECT JUDGMENT."

Opinion delivered March 6, 1940.