## LE MASTER v. FORT WORTH TRANSIT CO. et al.

### No. 14069.

Court of Civil Appeals of Texas.
Fort Worth.

April 12, 1940.

Rehearing Denied Sept. 6, 1940.

Martin, Moore & Brewster, of Fort Worth, for appellant.

Cantey, Hanger, McMahon, McKnight & Johnson and W. D. Smith, all of Fort Worth, for appellees.

SPEER, Justice.

This is an appeal by C. E. LeMaster, plaintiff below, from a judgment entered non obstante veredicto on motion therefor by the defendants.

LeMaster instituted suit against Fort Worth Transit Company, a corporation, and A. F. Townsend, Receiver of Northern Texas Traction Company, for damages sustained by himself and wife when injured, as a result of LeMaster's automobile coming in contact with the rear end of the defendants' street bus, on March 5, 1938, at the intersection of Chambers Street and East Lancaster Avenue, in the City of Fort Worth. In this opinion we shall refer to LeMaster as plaintiff, and to the other parties as defendants.

Many alleged wrongful acts are set out in the petition, in which defendants are charged with negligence proximately causing plaintiff's injuries, and by defendants' answer, plaintiff is alleged to have been guilty of several acts of commission and omission, claimed to be negligence and a proximate cause of the accident and the resulting injuries. The pertinent allegations of both are revealed by the issues submitted to the jury, as hereinafter referred to.

When taking of testimony was concluded, both parties moved for an instructed verdict; the motions were overruled and many special issues were submitted to the jury.

The court defined in his charge "ordinary care", "negligence", "proximate cause", "proper lookout" and "preponderance of evidence". We shall have occasion later to refer to some of these charges in connection with issues submitted.

By the verdict, the jury found (1) that the operator stopped the bus on the occasion in question within the intersection of East Lancaster and Chambers Streets; (2) that the operator of the bus brought it to a sudden stop on the occasion in question, and that his act in bringing the bus to a sudden stop in the intersection mentioned constituted negligence and a proximate cause of the collision. Relating to the acts of plaintiff, which defendants charged as negligence proximately causing the ac-

cident, the jury, by its verdict, found, (a) plaintiff did not fail to keep a proper lookout, (b) plaintiff was not operating his car at a greater rate of speed than 20 miles per hour, immediately prior to the accident, (c) just prior to the accident plaintiff was not following the bus more closely than was reasonable and prudent, having due regard to the safety of said vehicle, (d) plaintiff was not operating his vehicle at a negligent rate of speed under the circumstances, (e) plaintiff's car was provided with adequate brakes in good working order, (f) plaintiff's failure to apply his brakes in time to slow down before running into the back end of the bus was not negligence, (g) LeMaster's acts in permitting his car to come within ten feet of defendants' bus while approaching and passing the street intersection was not a proximate cause or proximately contributing cause of the collision, (h) plaintiff's failure to turn his car to the left and thereby avoid striking the back end of the bus was not negligence, (i) that he was not negligent in failing to slow down or stop his automobile before it struck the back end of the bus, (j) plaintiff's failure to use all the means at his command to stop or slow down his car before it struck the rear end of the bus was not negligence, (k) plaintiff's failure to apply his brakes in time to slow his car down or stop it in time to avoid striking the bus did not constitute negligence on his part, (l) the plaintiff failed to have his car under control immediately prior to the collision, so as to prevent the accident, but that such failure did not amount to negligence.

After the verdict was received, defendants moved for judgment non obstante veredicto, under the provisions of Article 2211, Vernon's Ann.Tex.Civ.St. That article provides: "The judgments of the Court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity. Provided, that upon motion and reasonable notice the Court may render judgment non obstante veredicto if a directed verdict would have been proper, and provided further that the court may, upon like motion and notice, disregard any Special Issue Jury Finding that has no support in the evidence. * *"

Neither the nature of defendants' motion, the notice nor service thereof is questioned by plaintiff, and the judgment

recites all the requisites necessary under the statute and its construction, as announced in Hines v. Parks, 128 Tex. 289, 96 S.W.2d 970, and Myers et al. v. Crenshaw et al., 134 Tex. 500, 137 S.W.2d 7. There is a recitation in the judgment in these words: "* * * And the court further finds and is of opinion that a directed verdict herein would have been proper and that a judgment non obstante veredicto should therefore be rendered herein in favor of the defendants." The court follows the quoted finding with its order sustaining the motion and decreed that plaintiff take nothing by his action and that defendants go hence without day and recover all costs incurred.

The only theory upon which the judgment of the trial court can be sustained is that, as recited in his findings, a directed verdict for defendants should have been returned.

Based upon adequate assignments of error, plaintiff summarizes them into three propositions upon which he contends the court erred in sustaining the motion of defendants that an instructed verdict should have been directed. The substance of these propositions is: (1) The court should have entered judgment for plaintiff on the verdict, wherein it was found that defendants' driver was negligent in suddenly stopping the bus in the intersection of the two streets, that the act was negligence and a proximate cause of the injury, and further, because the jury acquitted plaintiff of negligence proximately contributing to the injury; (2) since defendants maintained a designated stopping place for their buses at the junction of the north side of Lancaster and the east side of Chambers Streets, and plaintiff was familiar with its location, that the bus in question passed the regular stopping point and entered the intersection where it came to a sudden stop, the court was not warranted in finding that as a matter of law, plaintiff was guilty of negligence proximately causing or contributing to the injury, even if he was driving in close proximity to the rear of the bus, and did not use all the facilities at his command to slow down or stop his car before the accident happened. Because, it is asserted, there was nothing plaintiff could do to prevent the accident under the surrounding circumstances, as they then existed; and (3) even though the jury found that plaintiff was violating a city ordinance at the time of the accident, rendering him negligent as a matter of law, it was necessary to have a finding by the jury that such negligence was a proximate or contributing cause, and the court was not warranted in holding that as a matter of law, the negligent act was a proximate cause of the injuries sustained.

Some presumption may be indulged that there was sufficient evidence adduced upon the trial to support all issues submitted by the court. This presumption had it origin in constructions given to the previous Article 2209, R.C.S.1925. The amendment, now Article 2211, supra, was enacted to give the trial court more authority than had previously existed under the law. It is now provided that if, after having submitted special issues to the jury and their answers are returned, the court should then conclude that he should have directed a verdict before submitting special issues, and a motion is made, followed by the required notice, he may enter judgment non obstante veredicto.

The evidence in this case is conflicting as to just where the bus stopped. Plaintiff's allegations on this point were that defendants' driver, at about the middle of Chambers Street, caused the bus to "come to a sudden and abrupt stop, or caused (it) to practically stop, without warning to the plaintiff." The question of whether or not the bus driver gave a signal or warning of his intention to stop was not submitted. The jury found that the operator of the bus brought it to a sudden stop within the intersection of Lancaster and Chambers Streets. Lancaster Street, the place where the accident occurred, is slightly down grade in the direction both vehicles were traveling. The bus could not be stopped except by use of the brakes. The bus was equipped with red rear signal lamps, which came on automatically with pressure on the brake pedal. The bus was inspected and placed in perfect condition during the preceding night; the accident occurred within a few minutes after it started out on its first run; the rear signal lights were operating when tested thirty or forty minutes afterward; the bus operator said he applied his brakes 35 or 40 feet east of where he stopped. Plaintiff testified that he did not see the rear signal lights. As a general rule, whether or not an act is negligence and a proximate cause is one of fact, but this is not always true. If a penal law is violated the act becomes negligence as a matter of law; to stop a motor

vehicle on a public thoroughfare without giving a plainly visible or audible signal of the driver's intention to do so is in violation of Article 801(K) of the State Penal Code. These things may have been the reason why no inquiry was made of the jury whether or not the bus driver suddenly stopped his vehicle "without warning to plaintiff", as alleged in his petition. Under all the circumstances, the jury found that the time, manner and place of stopping were negligence proximately causing the accident. We will not assume that the trial court disregarded the verdict in this respect, when he concluded that a directed verdict should have been returned.

■ It is evident that the court based his ruling, in this respect, upon a finding that plaintiff was guilty of negligence and proximate cause, as a matter of law. It is a well settled rule of law in this State, that damages cannot be recovered for an injury inflicted by a wrongful act, if the injury was proximately contributed to by the negligent act of the one receiving the injury. 30 Tex.Jur., sect. 88, page 754.

The testimony in this case is contained in a volume of over 300 pages, but a summary of it all, insofar as the acts of plaintiff are concerned, may be stated as follows: Plaintiff was accustomed to going west of Lancaster Avenue each morning between five and six o'clock to the place where he worked; he was a few minutes late in starting on the morning in question; defendants' car barn is on Lancaster Avenue; plaintiff saw the bus come out from the barn on the south side and cross the Avenue to the north side, in front of him; he followed the bus for a distance of two or three blocks; both vehicles traveled at about 18 or 20 miles per hour; the distance between plaintiff's car and the bus ranged from 10 to 30 or more feet most of the time; defendants had placed a sign on a post at Lancaster and Chambers Streets, designating that as a place where buses would stop to take on and let off passengers; plaintiff knew of this sign and the defendants' custom with respect thereto; Lancaster is a broad, paved avenue and there was little traffic on it the morning of the accident; Chambers Street extends north from Lancaster Avenue, is a graveled street and does not extend across Lancaster; on the morning in question, the bus did not stop with its front end at the designated place; the driver said the front end was about

eight feet past the sign when he stopped, but plaintiff said the rear end had passed the corner and the whole bus was in the intersection when it suddenly stopped; in describing the manner in which it stopped, plaintiff said: "Well, it just sat down right there and stopped." There was nothing that happened to require an emergency stop by the bus. Plaintiff said he did not notice whether or not the stop signal lights flashed on the rear of the bus before it stopped; he knew that those lights which had "stop" printed across them meant that the driver was going to stop or do something, that they were to warn those who followed. That when he first observed that the bus had stopped, his car perhaps was within six feet of it. A few feet back from where the collision occurred, plaintiff had decided to pass around the bus to its left and had speeded up and cut his car to the left for that purpose. That the bus stopped so suddenly that he did not have time to put on his brakes or lessen his speed before he crashed into the back end of the bus; the description given by plaintiff of the nature and effect of the impact indicates that his car was reduced to "junk", that it was ruined and he afterward sold it for $10; the picture in the statement of facts bears out his contention; plaintiff received some injuries and those to his wife were shown to be serious and permanent; he further testified that at the rate of speed he was driving he could have stopped his car within 25 or 30 feet if he had been warned that the bus in front of him was going to stop.

Testimony offered by defendants from a witness who was standing east and within arm's reach of the post on which the "car stop" sign was fastened, shows that as the bus approached the corner, where he stood, it began slowing down and pulling up to the curb; the distance east at which the bus began to slow down for the stop was illustrated by the witness by objects in the court room and is unintelligible to us; he said the bus pulled up to within about two feet of the curb, but the front end at which he expected to enter was three or four steps past him when it stopped and the door was opened; just as he was about one step from the door, the crash occurred; he did not enter, but was asked to go to a telephone and call an ambulance. The driver of the bus testified that he left the car barn at 5:45 in the morning and as he approached Chambers Street about three

blocks from the barn he saw a man on the corner; that there was a car parked on the north side of Lancaster about 40 or 45 feet east of the car stop sign; that the front of the bus passed the sign 8 or 9 feet; that the bus was traveling 12 or 15 miles per hour when he began slowing down for the stop back about 35 feet from where he stopped. That just before the passenger entered, the crash came and knocked the bus about 20 feet; it weighed about seven and a half tons and plaintiff's car weighed about 1,500 pounds; he had used his brakes in bringing the bus to a stop, but when he had stopped he removed his foot from the brake pedal; the motor is in the rear end of the bus and the impact put it out of commission. That about thirty or forty minutes after the accident, the lights were tested and the rear stop lights were working. That in operating the bus, it does not always stop immediately opposite the sign, but sometimes goes a few feet past, before he can bring it to a complete stop; that on the occasion in question he had held his foot on the brake pedal for about 35 feet and his rear stop signals were working; that it usually required about 35 feet to bring the bus to a stop when traveling 12 to 15 miles per hour. That the stop he made was a gradual and easy one; that there was nothing in front of him to require an emergency stop. Another disinterested witness who saw the collision said he was 25 or 30 feet from the corner and when the passenger started to get on the bus, it was two and a half or three feet from the Lancaster Street curb; that plaintiff's car was 25 or 30 feet behind the bus and was going 30 or 35 miles per hour; he saw plaintiff's car strike the bus. A mechanic in the employ of defendants testified that the bus was so constructed that when the brake pedal is touched two red rear stop lights automatically come on the bus; they are five inches in diameter; he tested the lights within a few minutes after the accident and they were working. There was also testimony that there was a large oil spot on the pavement of Lancaster Avenue, even with an extension of the sidewalk on the east side of Chambers Street, immediately after the collision. Photographs made at the request of plaintiff's counsel shortly after the accident indicate that the oil spot was as testified to by the witness. Obviously it is impossible to give anything more than excerpts from the testimony in this opinion, but we have endeavored to refer to those parts relied upon by all parties, as disclosed by their briefs, after having compared their statements with the record.

Sections of Article 7 of the City Ordinance regulating motor traffic in the City of Fort Worth were before the court. Section 52 reads: *"Following too closely.* The driver of a vehicle shall not follow another more closely than is reasonable and prudent, having due regard to the speed of such vehicles and the traffic upon and condition of the roadway."

Section 70 of Article 7 of the ordinance prohibits the operation of a motor driven vehicle upon or along a highway or street within the City at a greater rate of speed than 20 miles per hour.

Another section of the ordinance reads: *"Approaching vehicle at crossing.* No person having charge of a vehicle shall allow the same to come within ten feet of any vehicle in front of him while approaching and passing over a crossing of an intersecting street."

The court's charge on negligence was in the usual form and in substance told the jury that ordinary care was that degree of care which an ordinarily prudent person would exercise under similar circumstances, and that a failure to use that degree of care was negligence. Under the court's definition of proximate cause, the jury was told substantially that it meant the moving and efficient cause without which the injuries would not have happened; that it was the proximate cause when the injury was the natural or probable consequence of the act, and one that ought to have been foreseen, under the circumstances, by a person of ordinary care and prudence. That the act need not be the sole cause, but must be one which contributed to cause the injuries complained of and but for which the result would not have occurred; there may be more than one proximate cause.

Plaintiff contends in his brief that the question of proximate cause as to each of the matters in which the jury found him negligent was a question of fact for the jury and that the trial court was unwarranted in finding that they became matters of law for his own determination. He cites several decisions by our courts which hold that under the circumstances involved in the case under consideration, those issues were of fact for the jury. In the cited case of Seinsheimer v. Burkhart, 132 Tex.

336, 122 S.W.2d 1063, adopted by the Supreme Court, approaching the subject it was said that there were cases holding that those issues become questions of law but they are rare. That case involved an injury sustained by a pedestrian while walking outside the lane designated for that purpose, when struck by an automobile; the court reasoned, 122 S.W.2d at page 1065: "Just how this injury would have been avoided had Miss Burkhart been in the pedestrian lane instead of outside of it we are unable to demonstrate." From the quoted expression the proper rule may be deduced. The latest expression on the point by our Supreme Court is found in Commercial Standard Ins. Co. v. Davis, 134 Tex. 487, 137 S.W.2d 1, 2, where it is said: "If reasonable minds can draw different inferences or conclusions from undisputed facts, a fact issue is presented." This test illustrates the distinction between that and this case.

Plaintiff cites us to Postal Telegraph & Cable Co. v. Saper, Tex.Civ.App., 108 S.W.2d 259, which case was tried to the court, in which it was found that defendant was negligent, proximately causing the injury, while the plaintiff was negligent, having violated a penal ordinance, but that the latter was not a proximate cause. In such cases, where no jury is demanded, the court passes upon matters of law as well as of fact and would not be a fair criterion where a jury trial is had and the matters of law are for the court and those of fact for the jury.

It was held in Dallas Ry. Co. v. Eaton, Tex.Civ.App., 222 S.W. 318, writ dismissed, that the same principles of law governing the application of the law of proximate cause in the ordinary negligence case are applicable in cases of contributory negligence.

Likewise, we are earnestly requested to study the holding in Western Development Corporation v. Simmons, Tex.Civ.App., 124 S.W.2d 414, writ refused. In that case defendant had left a truck parked in the street at night without lights, in violation of a penal ordinance. Plaintiff did not see the truck until its presence was revealed by her own lights. She did not discover the parked truck in time to avoid striking it. The jury convicted defendant of negligence and proximate cause. By the verdict, it was found that plaintiff kept a proper lookout and although she did not have her car under such control as to enable her to stop it within the area lighted by her car lights, yet the lack of control was not a proximate cause of the injury. The question of lookout by plaintiff evidently controlled the facts in that case and forcibly emphasizes that the facts in each case must be considered in arriving at negligence and proximate cause. The opinion of the court recognizes that in many cases decided by our courts facts are presented which make negligence and proximate cause questions of law. We believe the instant case is one of that kind.

█ The physical facts in this case are impelling in their nature. Defendants' bus was going down grade on a paved street. Traveling at from 15 to 18 miles per hour; the bus weighed seven tons or more; it was equipped with rear signal lights which operated automatically by pressure on the brake pedal; seeing a passenger at the corner the driver began slowing down by pressure on his brakes about 35 feet east of the corner, so as to be able to make an easy stop at that place. Plaintiff said he knew that when those rear red lights came on, it was a signal that the driver was going to stop. He says he was driving 20 or 30 feet behind the bus; he did not see the signal lights on the bus. Such negative testimony would not refute the positive evidence that they were in good order and were functioning. Schaff v. Bearden, Tex.Civ.App., 211 S.W. 503; Reza v. International & G. N. Ry. Co., Tex.Civ.App., 277 S.W. 182, writ dismissed; Jacobe v. Goings, Tex.Civ.App., 3 S.W.2d 535, writ dismissed. The point on the pavement where the oil was found reflected by the photographs, the demolished condition of plaintiff's car and the distance the heavy bus was knocked by the impact, all tend to show indisputably that plaintiff's light car was traveling very fast and that he was not keeping a proper lookout, i. e., such lookout as a reasonably prudent person would keep under such circumstances. Plaintiff knew he was following the bus, that it was equipped with air brakes and that it was accustomed to stop at the sign to take on passengers, and furthermore should have reasonably foreseen that an emergency might arise any time requiring a sudden stopping of the bus; he knew he was traveling so close to it that if the condition arose for a sudden stopping that he could not stop his own car within the distance between him and the bus. Such situation, it seems to us, prompted the pass-

age of the ordinance which prohibited the operation of one vehicle following another more closely than was reasonable and prudent.

Again plaintiff says that when the bus stopped, his car was less than ten feet from it, possibly within six feet, and the jury found that his proximity did not contribute to the cause of the collision; it is evident that plaintiff failed to have his car under control so that he could stop or avoid striking the bus, but this was found not to be negligence. Plaintiff said that when he saw the bus had stopped, he was too close to apply his brakes and so far as he knew he did not do so; this too, was found not to be negligence. We cannot escape the conclusion that since the undisputed evidence shows that plaintiff was acting in violation of the ordinance in operating his car within ten feet of the rear of another vehicle moving in the same direction, approaching and passing over Chambers Street, that he was admittedly too close to the bus when he discovered that it had stopped to apply his brakes or turn left and miss it, and that he had failed to keep a lookout and observe the stop signals displayed by the bus driver, he was guilty of negligence which undoubtedly contributed to the happening of the event, as a matter of law. Blakesley v. Kircher, Tex.Com. App., 41 S.W.2d 53, approved by Supreme Court. It is the well settled rule of law that if there are any circumstances shown by the evidence when taken as a whole, other than those things which constituted negligence as a matter of law, from which it could be reasonably inferred that the accident happened, then whether or not the acts constituted negligence and proximate cause would be fact issues for the jury. As we view the evidence in this case, they do not appear here. We cannot escape the very definite conclusion that the evidence reveals, indisputably, that plaintiff's own conduct was negligence and a cause proximately contributing to bring about the accident as a matter of law, nor do we believe that reasonable minds could differ upon the point. Standard Paving Co. v. Webb, Tex.Civ.App., 118 S.W.2d 456; Ft. Worth & D. C. Ry. Co. v. Bell, Tex.Civ. App., 14 S.W.2d 856, writ refused.

Plaintiff in this case was chargeable with knowledge of what all drivers of automobiles know, i. e. that there is a potential danger incidental to driving a car on a public highway; more especially, as in this case, in closely trailing a moving street bus, which is commonly known to make frequent stops, whether at designated places or otherwise, to take on passengers. In such circumstances, it is always the duty of drivers to keep such a lookout for their own protection as the surrounding conditions require of a reasonably prudent person. If he fails to do so, he is negligent, and if his negligence contributes to cause an accident in which he suffers injury, he cannot recover. Standard Paving Co. v. Webb, supra; Texas & N. O. Ry. Co. v. Adams, Tex.Civ.App., 27 S.W.2d 331, writ dismissed; Burton v. Billingsly, Tex.Civ.App., 129 S.W.2d 439, writ refused; Wichita Valley Ry. Co. v. Fite, Tex.Civ.App., 78 S.W.2d 714; Gulf, C. & S. F. Ry. Co. v. Gaddis, Tex.Com. App., 208 S.W. 895; Fort Worth & D. C. Ry. Co. v. Hart, Tex.Civ.App., 178 S.W. 795; Koock v. Goodnight, Tex.CivApp., 71 S.W.2d 927, writ refused; International & G. N. Ry. Co. v. Edwards, 100 Tex. 22, 93 S.W. 106; Texas & N. O. Ry. Co. v. Stratton, Tex.Civ.App., 74 S.W.2d 741, writ refused. We hold that under the undisputed evidence in this case and the authorities cited, plaintiff was guilty of negligence which proximately contributed to the accident in failing to keep a proper lookout, as that term was defined in the court's charge. Also, the same rule will apply when he drove his car more closely to another vehicle than was reasonable and prudent, having due regard to the speed of such vehicle and the traffic upon and condition of the roadway, as provided in the ordinance; likewise, in driving within ten feet or less of another vehicle in front of him while approaching and passing over a crossing of an intersecting street, as prohibited by the ordinance. It is impossible for us to perceive any other reason or theory upon which the accident could have happened as it did but for plaintiff's acts so enumerated, and that the incidents pointed out proximately contributed to the result and but for which the accident would not have happened; nor do we believe that reasonable minds could draw a different inference or conclusion from these undisputed facts. Commercial Standard Ins. Co. v. Davis, 134 Tex. 487, 137 S.W.2d 1.

The trial court reached the conclusion herein expressed by us, when he found that a directed verdict should have been returned. Irrespective of the negligence of defendants proximately causing the casualty, if, as in this case, the negligence of

plaintiff contributed to bring about the accident of which complaint is made, plaintiff will be denied a recovery.

We too think, and so hold, that under the undisputed evidence in this case the court should have directed a verdict for defendant; having not done so at the conclusion of taking evidence, it was proper for the court to sustain the motion of defendant for judgment non obstante veredicto.

There being no error shown, plaintiff's assignments of error and the propositions presented thereunder are overruled and the judgment is affirmed.