## FRIEDMAN OIL CORPORATION et al. v. SOUTHERN OIL REFINING CO. et al.

### No. 1500.

Court of Civil Appeals of Texas. Waco.

May 31, 1934.

Rehearing Denied June 28, 1934.

Troy Smith and Lasseter, Simpson & Spruiell, all of Tyler, for plaintiffs in error.

Sewell, Taylor, Morris & Garwood and Andrews, Streetman, Logue & Mobley, all of Houston, Thos. Y. Banks, of Tyler, J. M. Chandler, of Dallas, and John Sayles and Saye, Smead & Saye, all of Longview, for defendants in error.

GALLAGHER, Chief Justice.

This suit was instituted in the district court of Rusk county by Friedman Oil Corporation and others against Southern Oil Refining Company and others, including the International-Great Northern Railroad Company, in form of trespass to try title to recover seven-eighths of the oil, gas, and other minerals in, under, or produced from a certain 13.3-acre tract of land out of the W. R. Cook survey in said county. The Mayfield Company, a corporation, intervened, stood in the same position as the plaintiffs, and complained of the same defendants. We do not find it necessary to a determination of the rights of the parties and the issues of law presented in this appeal to recite in detail the names of the several parties plaintiff and defendant nor the specific claim by each of them respectively. The rights of all the parties are controlled by the finding of the court that plaintiffs and intervener failed to show title in themselves, or any of them, to the land sued for, or any interest therein, and that the defendant railroad, under whom all the other defendants claimed, had long prior to the institution of this suit acquired title thereto under and by virtue of our statutes of limitation.

The trial was before the court without the intervention of a jury, and the court, on the testimony submitted, entered judgment that the plaintiffs and intervener take nothing by their suit and that all the defendants go without day. At the same time final judgment was filed for entry by the court, he filed in connection therewith elaborate findings of fact and conclusions of law. Plaintiffs and intervener have joined in suing out writ of error to this court.

#### Opinion.

Plaintiffs and intervener contend that the court erred in holding that they had failed to show title in themselves to the land in controversy, or to any part of the mineral

estate therein. The land upon which plaintiffs and intervener claimed an oil and gas lease, and which lease they alleged vested title in them to seven-eighths of the oil, gas, and other minerals therein and thereunder, consisted of a strip 200 feet wide and approximately 2,800 feet long, and constituted a part of the right of way of the defendant railroad. The survey on which the same was situated was patented to W. R. Cook. Plaintiffs and intervener attempted to deraign title from said Cook. They did not claim title by limitation, nor did they assert that the title claimed by them had a common source with that claimed by the defendants. There were two W. R. Cook surveys in said county, and the aggregate acreage contained therein was a quarter of a league of land. Patents from the state to said Cook granting said surveys were introduced. Both of the same were dated July 3, 1847. A deed dated October 10, 1848, from said Cook to Richard Hooper as administrator of the estate of J. M. Bradley, deceased, was introduced. Said deed contained recitals that Cook had transferred to said Bradley his headright certificate for one-third of a league of land; that the grantor had been informed that a portion of such certificate had been located on the land therein conveyed; that patent thereto had been issued by the state; and that said administrator had requested the grantor to convey all title in him to such administrator for the use and benefit of the estate of said Bradley. The land so conveyed was situated on the other survey and not on the one upon which the land here involved is situated. No deed or other instrument from Cook to any one conveying or purporting to convey the latter survey was shown. Four volumes of the deed records of Rusk county were destroyed by fire, but the indexes thereto were saved. The same showed that on November 22, 1848, a deed from Richard Hooper as administrator (estate not named) to Humphrey Elliott was recorded on certain pages of one of the burned record books, and that another deed from said Hooper as administrator (estate not named) to said Elliott was recorded in said record book immediately after the preceding one. Humphrey Elliott, on August 17, 1850, in the capacity of executor of the will of Alcey Elliott, executed a deed conveying the survey on which the land here involved is situated to Alexander S. Thompson, and on December 7, 1850, said Elliott, in his individual capacity, executed a deed conveying the same survey to A. C. Heard. Said Thompson, on March 7, 1850, executed a deed conveying said survey to A. C. Heard, and on August 17, 1850, he executed another deed conveying the same land to him. All said deeds were duly recorded. No probate records showing the grant of administration on the estate of Bradley nor the proceedings therein were introduced. Neither was there any testimony that such records had been destroyed, or in any way excusing the production thereof. No other testimony of any kind tending to show that the title to the land here involved, granted by the state to said Cook, ever passed to and became vested in said Heard, was introduced. There was no testimony that plaintiffs or intervener, or any of those under whom they claimed, had ever had possession of the particular tract of land involved in this suit, or that any one other than defendant railroad company had ever paid taxes thereon. The regularity of the chain of title from said Heard to plaintiffs and intervener is not challenged.

Plaintiffs and intervener had the burden of showing title in themselves from and under Cook, the original patentee. Reese v. Cobb, 105 Tex. 399, 402, 150 S. W. 887; Kirby Lumber Co. v. Conn, 114 Tex. 104, 111, 263 S. W. 902. The testimony quoted, in substance, above was not of such conclusive character as to require affirmative findings as against defendants that Cook had conveyed his headright certificate to Bradley prior to the location thereof; that such certificate was located in part on the survey upon which the land in controversy is situated; that said Bradley, by virtue of the ownership of said certificate, was the equitable owner of such survey; and that the same constituted a part of his estate at his death. Neither was there such testimony as to require an affirmative finding that either of the deeds recorded in the burned record book, as shown by the index thereto, conveyed the land in controversy or the survey upon which such land is situated, nor that such conveyance was in pursuance of a valid order of the probate court in the administration of the estate of said Bradley. Watkins v. Smith, 91 Tex. 589, 590, 591, 45 S. W. 560; Bounds v. Little, 75 Tex. 316, 321, 12 S. W. 1109; Terrell v. Martin, 64 Tex. 121, 124, et seq.; White v. Jones, 67 Tex. 638, 639, 4 S. W. 161. When, as in this case, the ultimate fact or facts to be ascertained are not shown by direct testimony but are to be inferred in whole or in part from other circumstances in evidence, original fact finding jurisdiction is invoked. Maryland Casualty Co. v. Williams (Tex. Civ. App.) 47 S.W.(2d) 858, 859, par. 2, and authorities there cited.

The trial court having held, under the circumstances in evidence, that plaintiffs and intervener had failed to show title in themselves, such finding will not be disturbed.

Plaintiffs and intervener contend that the court erred in holding that the defendant International-Great Northern Railroad Company, under whom all the other defendants claim, had, prior to the institution of this suit, acquired full title to the land sued for under and by virtue of our statutes of limitation. The court found, in substance, that W. S. Harrington, on October 27, 1871, executed and delivered a deed conveying to International-Railroad Company the fee title to the land involved in this suit; that said deed was duly recorded on May 30, 1872; that title passed from the grantee therein by mesne conveyances to the defendant International-Great Northern Railroad Company; that the original grantee promptly entered into possession of said land, used it for such purposes as desired; and that it and its successors in interest, including the defendant railroad company, had claimed the same and had held possession thereof continuously, peaceably, and adversely under such deed from about 1872 to the time of trial; that the railroad track was constructed thereon about said year 1872; that such track had been used daily and continuously since said time for the operation of trains thereon; that said right of way was substantially fenced as early as 1901; that telegraph lines had been erected on one side of said track and telephone lines on the other side thereof and used continuously since the construction of the railroad; that the land had been kept free and clear of underbrush; and that dirt, rock, and other material therefrom had been used thereon and on other railroad lands. Said findings are not assailed. The parties to this suit agreed in open court that the defendant International-Great Northern Railroad Company and its predecessors in title paid taxes for the years 1889 to 1931, both inclusive, on its railway, including right of way, roadbed, superstructures, depots, grounds, etc. The testimony does not show that said W. S. Harrington had title to the land which he conveyed to the railroad as above recited.

The gist of the contention so urged by plaintiffs and intervener is that a railroad corporation cannot acquire, under and by virtue of our statutes of limitation, title to any greater interest in or to land used and occupied by it as an ordinary right of way than a mere easement. Such contention is in accord with the authorities when such a corporation enters upon land and holds possession thereof as a naked trespasser, without deed or other written memorandum of title thereto. Galveston, H. & S. A. Ry. Co. v. McIver (Tex. Civ. App.) 245 S. W. 463, par. 1, and authorities there cited; International-Great Northern R. Co. v. John T. Brady Corp. (Tex. Com. App.) 283 S. W. 484, 486, par. 2. The deed from Harrington to the International-Railroad Company was almost a literal copy of a deed construed by our Supreme Court in the case of Brightwell v. International-Great Northern Railroad Co., 121 Tex. 338, 340, et seq., 49 S.W.(2d) 437, 84 A. L. R. 265. The court held that the effect of the language used in the Brightwell deed was to convey a fee-simple title, and not a mere easement. Said Harrington deed therefore purported to convey the fee-simple title to the land described therein. Said deed was promptly recorded. It, together with the possession held thereunder, was notice to all claiming in opposition thereto of the extent and character of the railroad's claim. Holland v. Nance, 102 Tex. 177, 183, 114 S. W. 346. When a railroad purchases the land, as distinguished from a mere right of user or easement, and in doing so acquires by its deed an imperfect title, it stands in the same situation as other persons with reference to the statutes of limitation. Small v. McMurphy, 11 Tex. Civ. App. 409, 32 S. W. 788, 790; Buchanan v. Houston & T. C. R. Co. (Tex. Civ. App.) 180 S. W. 625, 628, pars. 17 to 19, inclusive; Texas & N. O. R. Co. v. Orange County (Tex. Civ. App.) 206 S. W. 539, 544, par. 7 (writ refused); Webster v. International & Great Northern Ry. Co. (Tex. Civ. App.) 193 S. W. 179, 180, 181, par. 4, and authorities there cited. The trial court properly held that the original grantee in the Harrington deed and its successors acquired full title to the land sued for herein under our statutes of limitation prior to the institution of this suit.

The determination of the issues above considered controls the disposition of this appeal, and other questions presented become immaterial.

The judgment of the trial court is affirmed.