COMBINED AMERICAN INSURANCE COMPANY, Petitioner

v.

RUBY LEE BLANTON, Respondent

No. A-8539. Decided February 7, 1962

353 S.W. 2d 847

*Brundidge, Fountain, Elliott & Bateman, Roger A. Hansen,* Dallas, for petitioner.

*Allen Clark, Harold F. Curtis, Jr.,* Greenville, for respondent.

ASSOCIATE JUSTICE SMITH delivered the opinion of the Court.

This suit was brought by the Respondent, Ruby Lee Blanton, hereinafter referred to as Plaintiff, against Petitioner, Combined American Insurance Company, hereinafter referred to as Defendant, to recover the face value of a policy of insurance, insuring the life of her husband, J. O. Blanton, who died on August 8, 1958, as a result of a shotgun wound. The policy of insurance in question insured Blanton *against loss of life caused by bodily injuries effected exclusively of all other causes by accidental means.* The trial court, without the intervention of a jury, rendered judgment for the Plaintiff. The Court of Civil Appeals has affirmed. 348 S.W. 2d 85.

We have concluded to reverse the judgments of both the trial court and the Court of Civil Appeals and render judgment that Plaintiff take nothing.

The Court of Civil Appeals concedes that the facts and circumstances of the record "lead to a strong belief that Blanton committed suicide", but has held that the judgment of the trial court must stand, unless the evidence established that the "shooting was intentional to that degree of conclusiveness which precludes a reasonable doubt to the contrary."

The Court of Civil Appeals has held that the evidence of suicide "does not overcome the well-known presumption against suicide, and therefore leaves a presumption that Jasper O. Blanton died as a result of an accident unassailed."

■ The judgment in favor of the Plaintiff must fall unless the implied finding (no findings of fact or conclusions of law were filed) of the trial court that Blanton died by accidental means is supported by probative evidence. The burden of pleading and proving that the death of Blanton was by accidental means rested with the Plaintiff. International Travelers' Association v. Bettis, 120 Texas 67, 35 S.W. 2d 1040; Langlitz v. American National Insurance Co., Texas Civ. App., 146 S.W. 2d 484, er. dism., judgment correct. The Plaintiff has failed to discharge this burden. Since the opinion of the Court of Civil Appeals recites the facts in detail, we deem it unnecessary to extensively detail the evidence here. It is sufficient to say that none of the facts tend to show death by accidental means. All of the evidence is inconsistent with the theory that death was by accident. Therefore, the implied finding that death was by accident cannot stand. While it is true there is a presumption of law against suicide, nevertheless, presumptions may be overcome by testimony. When the only reasonable inference which can be drawn from all the evidence is that death was the result of suicide, the presumption against suicide is rebutted. In the present case, suicide is the only reasonable hypothesis that is consistent with the evidence and the presumption against suicide cannot prevail against such evidence. Mutual Life Insurance Co. v. Tillman, 84 Texas 31, 19 S.W. 294; Empire Gas & Fuel Co. v. Muegge, 135 Texas 520, 143 S.W. 2d 763. A legal presumption of the type involved here is a true presumption, which has been defined as a rule of law laid down by the courts which attaches to facts certain procedural consequences. McCormick & Ray's Texas Law of Evidence, 2d Ed. Sec. 51, p. 57. It places on the party against whom it operates the burden of producing evidence. The defendant has rebutted this presumption with facts showing suicide. Therefore, the presumption is not evidence and is not to be weighed or treated as evidence. McCormick & Ray's, supra, pp. 60, 69, Sections 53, 56; 20 Amer. Jr. pp. 170, 171, Sec. 166.

■ The facts have been shown in this case. Ordinarily, presumptions must give way when in conflict with clear evidence such as we have here. In Jones on Evidence (2d Ed.), Sec. 32, it is thus stated:

"* * * Courts have frequently remarked that presumptions are only intended to take the place of facts and cannot be relied upon where the facts are shown; or that no presumption can stand in the face of facts. According to such authorities a presumption is an artificial thing, a mere house of cards, which one moment stands with sufficient force to determine an issue, but at the next, by reason of the slightest rebutting evidence, topples utterly out of consideration of the trier of facts."

The Plaintiff relies upon the case of United Fidelity Life Ins. Co. v. Adair, Texas Civ. App., 29 S.W. 2d 940, Comm. App., 29 S.W. 2d 944. That case involved a life policy which contained a provision that if the insured, whether sane or insane, should die by self destruction within one year from the date of the policy, the amount of payment under the policy would be limited to the amount of the premiums actually paid. The insurer relied upon the defense of suicide or self-destruction. The Court refused to follow the defendant's contention that its evidence showed as a matter of law that the insured fired the pistol with suicidal intent. In the present case, the Plaintiff is suing on a policy limiting liability to death by accidental means. Suicide was not an affirmative defense. The negative of suicide was an element of Plaintiff's case. In other words, the burden of proof was upon Plaintiff to show that the death was within the terms of the policy and that Blanton was insured against "loss caused by bodily injuries * * * effected exclusively of all other causes by accidental means * * *."

Plaintiff cites the recent case of Great Southern Life Insurance Company v. Watson, Texas Civ. App., 343 S.W. 2d 921, wr. ref. n.r.e., as being controlling here. In determining whether or not the Watson case is controlling, it is well to bear in mind that the ultimate conclusion reached by a court in a case of this type must necessarily rest upon the facts. The Court of Civil Appeals concluded there were facts introduced to support the finding of the trial court that Watson's death was caused by accidental means. In the present case, as heretofore stated, there is no evidence which would support a reasonable inference that Blanton's death was caused by accidental means.

■ Since the Plaintiff has sued here on a policy of insurance limiting liability to death by accidental means, and since there is no evidence of death by accidental means, the judgments of the trial court and the Court of Civil Appeals are both reversed, and judgment is rendered that Plaintiff take nothing.

Opinion delivered February 7, 1962.