**RELIABLE LIFE INSURANCE COMPANY, Appellant,**

v.

**Frances TORRES, Appellee.**

No. 12115.

Court of Civil Appeals of Texas, Austin.

May 1, 1974.

Rehearing Denied May 22, 1974.

**410**

John F. Morehead, Gibbins & Spivey, Austin, for appellant.

J. Hubert Lee, Kirt H. Kiester, Austin, for appellee.

SHANNON, Justice.

Appellee, Frances A. Torres, filed suit in the district court of Travis County against appellant, Reliable Life Insurance Company, to recover for accidental death benefits under appellant's life insurance policy insuring the life of her deceased husband, Johnnie B. Torres. Upon trial to a jury, judgment was entered in favor of appellee for the accidental death benefits of the policy, attorney's fees, penalty, and interest.

Johnnie B. Torres met his death by his own hand in Fort Stockton on February 1, 1971, after a night of drunken carouse. He died of a gunshot wound to his head. Appellant paid the face amount of the policy, but refused to pay the accidental death benefits.

Appellee pleaded that Torres shot himself accidentally, and, as a result, appellant was obligated to pay the accidental death benefits. Appellant's defenses to appellee's suit were two: (1) the death did not result directly and independently of all other causes from accidental bodily injury, and (2) the death resulted from a game of Russian roulette and that such was suicide, an exclusion under the policy.

The court submitted the case to the jury upon two special issues. Special issue number one was appellant's inferential-rebuttal issue setting up the defense of suicide by way of Russian roulette. Special issue number two, not important here, concerned attorney's fees. In response to special issue number one, the jury answered that Torres did not shoot himself while playing Russian roulette. The court refused to submit appellee's tendered issue advancing her theory of recovery that the death resulted from accidental bodily injury.

Appellant contends that the judgment should be reversed because there are no findings of fact by the jury to support the entry of judgment for appellee.

Appellee seeks to sustain the judgment upon several grounds: (1) the answer of the jury to special issue number one was, in effect, that Torres' death *was* the result of accidental bodily injury, (2) the appellee's tendered special issue was an "omitted issue" deemed to have been found in support of the judgment within the meaning of Texas Rules of Civil Procedure 279, and (3) the evidence conclusively established that Torres' death was the result of accidental bodily injury.

The insuring provision of the policy provides as follows:

"As a part of the policy proceeds, the Company agrees to pay an accidental

death benefit upon receipt of due proof that the death of the Insured or the Insured Wife, (1) resulted directly and independently of all other causes from accidental bodily injury  .  .  . ”

Suicide was excluded from the accidental death benefit as one of the risks not assumed.

■ With respect to appellee's first argument in defense of the judgment, it was appellee's burden to persuade the jury that the death did not come within one of the policy exclusions, in this instance, suicide. Sherman v. Provident American Insurance Company, 421 S.W.2d 652 (Tex.1967). Appellee met that burden by obtaining a favorable answer to special issue one.

■ The answer to special issue one, appellant's inferential-rebuttal issue, did *not* discharge appellee's burden to establish appellant's primary liability by showing that Torres' death resulted from accidental bodily injury.

Appellee's second argument is that her tendered issue submitting death by accidental bodily injury was an "omitted issue" deemed to have been found in support of the judgment within the meaning of Tex. R.Civ.P. 279. Appellee claims that issue was one of a cluster of two related issues: accident or suicide.

■ An issue constituting a complete and independent ground of recovery is waived unless requested in a substantially correct form. An "independent ground of recovery" is the total of all the facts necessary for a litigant to recover. Omitted issues, constituting only a part of a complete and independant ground and being merely supplemental or incidental to other issues submitted and answered, are deemed found in support of the judgment. Hodges, Special Issue Submission in Texas, Sections 74, 76 (1959, with 1969 Sup.), Tex.R.Civ.P. 279.

■ The tendered issue submitting death by accidental bodily injury was one

submitting an independent ground of recovery, appellant's primary liability. That issue was not merely a *part* of an independent ground and was not merely supplemental to other issues submitted and found. In that connection, the only liability issue submitted, suicide, was appellant's inferential-rebuttal issue which, if found for appellant, would have rebutted appellee's ground of recovery. Under these circumstances, death by accidental bodily injury was not an omitted issue deemed to have been found in support of the judgment.

Appellee argues that by refusing appellee's tendered issue the court must have been of the opinion that the evidence was conclusive that Torres' death resulted, directly and independently of all other causes, from accidental bodily injury. We are of the opinion that the evidence was not conclusive.

Torres was in Fort Stockton on February 1, 1971, as a member of a dance band. One of Torres' duties with the troupe was to collect proceeds at the door, and as a result, he usually carried a revolver to protect sizable sums of cash which he sometimes collected.

Appellee produced three witnesses who were in the motel room with Torres when the shooting occurred, Fernando Guerrero, Rudy Machado, and Joe Carmona. Appellant's sole witness was Sergeant Antonio Cordova, the investigating officer.

Appellee's three witnesses agreed generally that by the time of the shooting everyone, including Torres, was drunk. Immediately before the shooting, Torres announced that he wanted to play Russian roulette. Guerrero testified that on occasion he and Torres had used the term, Russian roulette, when they played with Torres' revolver, but that they never pointed the revolver at anyone or at any part of their body. Sometimes he and Torres played that "game" when the revolver was loaded, and sometimes when it was empty.

Guerrero testified that Torres took out the "bullets" and threw them on the bed.

Machado testified that he saw Torres "empty the gun" of bullets on the bed. The revolver had five chambers.

Guerrero said that Torres then pointed the revolver to the ceiling of the room and pulled the trigger which resulted in a "click." Carmona testified that Torres had pointed the revolver at one of their troupe, Charlie Stevens, who had appeared at the door. He had then squeezed the trigger of the revolver which .resulted in a click. The witnesses afterward heard the fatal gunshot, though none of them said that they saw Torres at the moment of the shooting.

Sergeant Cordova testified that Torres was shot on the right side of the face, below the temple. He also testified that there were power burns about the wound.

In an attack on the credibility of Guerrero, Machado, and Carmona, appellant introduced into evidence, without objection, the written statements given by those witnesses to the Fort Stockton police shortly after the shooting. Those statements, somewhat inconsistent with the witnesses' testimony at trial, indicated that Torres took the revolver from under the bed and then took four "bullets" from its chambers. Torres then put the revolver to his head, and though Carmona tried to stop him, Torres pushed Carmona aside. Torres then put the revolver down, but again put the revolver against his head, and "it fired this time." Though the written statements were not substantive evidence of the truth of the facts stated, 1 McCormick and Ray, Texas Law of Evidence § 688 (1956), the statements did place the credibility of those witnesses in issue.

■ The burden was on appellee to prove that the death of her husband was caused by accidental bodily injury. Combined American Insurance Company v. Blanton, 163 Tex. 225, 353 S.W.2d 847 (1962). Appellee introduced no direct proof that her husband died from accidental bodily injury. She did adduce evidence of the circumstances of her husband's

death from which it could be inferred that he died from accidental bodily injury. Notwithstanding, reasonable minds could draw a different inference. Under such circumstances, a question of fact was presented for resolution by the jury, and the trial court should have submitted appellee's requested special issue. Southern Underwriters v. Willis, 110 S.W.2d 252 (Tex. Civ.App.1937, writ ref'd), Maryland Casualty Co. v. Williams, 47 S.W.2d 858 (Tex.Civ.App.1932, writ dism'd), Friedman Oil Corporation v. Southern Oil Refining Co., 73 S.W.2d 137 (Tex.Civ.App.1934, writ dism'd), see Cavanaugh v. Davis, 149 Tex. 573, 235 S.W.2d 972 (1951), Commercial Standard Ins. Co. v. Davis, 134 Tex. 487, 137 S.W.2d 1 (1940). From what has been said, we think it plain that the evidence did not conclusively establish that Torres' death was caused by accidental bodily injury.

The judgment is reversed and the cause is remanded for another trial.

PHILLIPS, Chief Justice (dissenting).

I respectfully dissent.

When Torres was killed, Guerrero, Machado, Carmona and three other band members were in the room. The latter three were asleep.

Torres was in the habit of playing with the pistol. He was also in the habit of pointing it at others and scaring them. The testimony disclosed that on the night of his death (or actually in the early morning) he took four bullets out of the gun, put them on the bed and continued to wave the gun about "clicking" it and even pointing it at one or more of the band members in the room and "clicked" it at them. He laughed when he succeeded in scaring someone.

Guerrero testified that at the time of the shooting, he did not see Torres actually point the gun at himself. Nor did he actually see him pull the trigger. "I just saw

his hand go up to the air. As it was going up, I heard a shot and he fell, and that is all."

Machado testified that he saw Torres take the gun from the bed. He saw Torres take the bullets out and "I thought he did not leave any bullets in the gun. That is what everybody thought because he emptied the gun on the bed." Machado further testified that when he heard the shot he turned around. He did not see Torres shoot himself nor did he see anyone else shoot him. Machado stated several times in his testimony that Carmona had tried to stop Torres from playing with the gun immediately before the shot, and then went into the bathroom.

Carmona testified that "I just got his hand and told him don't be playing around with it." He thought that the gun "clicked" at that time. He did not know whether Torres heard the click or not. It was just a few seconds later that Torres shot himself.

Suicide was ruled out of the case with the jury's answer to the only special issue submitted. Without going into specifics, I find ample testimony to support this finding.

Appellee then submitted a substantially correct issue on the question of accident which the court refused to submit to the jury. The court, apparently, thought a finding on this issue unnecessary.

Under the evidence before us, there is no question but that Torres himself caused the pistol to discharge the fatal shot. He either intended to shoot himself or did so accidentally. Since suicide has been ruled out, only the latter possibility remains. There isn't a scintilla of evidence to the contrary. Consequently, it would have been useless to ask the jury to pass on the question.

I would hold that the omitted issue was deemed to have been found in support of the judgment. Rule 279, Texas Rules of Civil Procedure; and, I would affirm the judgment.