EMPLOYERS NATIONAL LIFE INSURANCE COMPANY, Appellant,

v.

William P. BREWER and wife, Alice Brewer, Appellees.

No. 5786.

Court of Civil Appeals of Texas, Waco.

March 9, 1978.

Rehearing Denied April 13, 1978.

**864**

Logan Ford, Robert S. Molina and Catherine A. Gerhauser, Burford, Ryburn & Ford, Dallas, for appellant.

Vance Dunnam and Gregory N. Combs, Dunnam, Dunnam & Dunnam, Waco, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Insurance Company from judgment against it on a life insurance policy, rendered on a jury verdict.

Plaintiffs sued defendant Insurance Company to recover death benefits on a life insurance policy issued by defendant on the life of the insured Jack Van Brewer. Defendant plead that the death of Jack Van Brewer was caused by suicide; that the policy contained an exclusion which provided that if the insured committed suicide within two years from date of issue of the policy that liability was limited to the amount of premiums paid; and that such suicide was within two years of the issuance of the policy.

Trial was to a jury which found:

1) The death of Jack Brewer was not the result of suicide.

2) Plaintiffs made demand on defendant to pay the policy in January 1976.

3) $2,000. is a reasonable attorney's fee.

4) Defendant denied liability on the policy in January 1976.

The trial court rendered judgment on the verdict for plaintiffs for $13,200. ($10,000. amount of the policy plus $1,200. penalty plus $2,000. attorney's fee).

Defendant appeals on 13 points, the main contentions of which we summarize as follows:

1) The evidence establishes as a matter of law Jack Van Brewer committed suicide; there is no evidence to support the jury's answer to Issue 1; or such answer is against the great weight and preponderance of the evidence.

2) The trial court erred in permitting plaintiffs to introduce into evidence testimony of Sharon Nichols and Mary Holstead regarding the appearance of apparent bruises on Jack Van Brewer's face.

3) Special Issue 1 erroneously places the burden of proof on defendant to es-

tablish that the death of Jack Van Brewer was the result of suicide.

Contention 1 asserts the evidence establishes as a matter of law Jack Van Brewer committed suicide; there is no evidence to support the jury's answer to issue 1; or such answer is against the great weight and preponderance of the evidence.

Jack Brewer was found dead in the house where he lived alone on Sunday December 21, 1975 by his brother Bill who came to the house to invite him to dinner. The house was locked by a knob set; the slide bolt lock on the inside was open and not locked; Bill broke a window to get into the bedroom and found Jack lying on his back in the middle of the bed; over his head was a light brown plastic bag which was secured by a rubber band around his neck; nothing in the house was in disorder; there were no signs of a scuffle or fight; attempts to revive Jack were unsuccessful and he was pronounced dead on arrival at Hillcrest Hospital in Waco; an autopsy was performed by Dr. McTaggert who testified Jack died of asphyxiation and suffocation by reason of the plastic bag over his head; that everything about Jack's body was unremarkable except the condition brought about by suffocation; Dr. Montgomery, a pathologist confirmed Dr. McTaggert's conclusions as to the cause of Jack's death; witnesses Nichols, Holstead and William P. Brewer testified they saw discoloration on Jack's left cheek which appeared to be a bruise; others observed no discoloration; there was evidence blue discoloration may come from a lack of oxygen or just be an effect of death. There was evidence Jack planned to go hunting with his brother and friends the next day; that he was working on his automobile; that he had $750. in savings and a good job; that he seemed in good spirits and appeared to be a normal happy young man to his friends and family; that there was no evidence of drugs or alcohol in Jack's body; no evidence of foul play or accident was developed by an investigation conducted by Ranger Wright. The death certificate signed by Joe Johnson, J. P. cites "cause of death suicide due to self inflicted asphyxiation placing plastic bag over head". The bag over Jack's head contained no moisture; there was evidence that a bag over a person's head with such person breathing for several minutes causes moisture to accumulate in the bag.

The jury found that the death of Jack Brewer was not the result of suicide.

To overturn a jury verdict in a case of this character, we must be convinced that all of the evidence, viewed in the light most favorable to the insured, *proves suicide so conclusively* that reasonable minds could not, from the evidence reach any other conclusion. *Langlotz v. Citizens Fidelity Ins. Co.,* Tex., 505 S.W.2d 249; *Prudential Ins. Co. v. Krayer,* Tex., 366 S.W.2d 779; *United Fidelity Life Ins. Co. v. Adair,* Tex.Comm. Appeals Judgment Adopted, 29 S.W.2d 944.

In *Adair supra* the court stated: "In the case at bar we have no statement, written or spoken, from the deceased which even in the remotest indicates an intention to commit suicide, but on the other hand every statement made by him shows, if it shows anything, an opposite intention".

■ The evidence here viewed in the light most favorable to the insured, reflects a normal happy young man, who had a good job, who was saving his money, making plans for the future, and appeared to be enjoying life. He was planning to go hunting the next day and was in process of overhauling his automobile; he was not a loner, was outgoing and happy. He did not smoke, drink or take drugs. He was found inside his house dead from asphyxiation with a plastic bag over his head. The door to his home was locked by a knob set lock, but the sliding bolt on the inside was not locked. There was evidence he had bruises on his face. The bag over his head contained no moisture although there was evidence that one breathing into a plastic bag over the head causes an abundance of moisture to accumulate. There was no evidence he had an intention to commit suicide.

We think the jury authorized to find as they did, and that such finding is not against the great weight and preponderance of the evidence.

■ Contention 2 asserts the trial court erred in permitting plaintiffs to introduce into evidence testimony of Sharon Nichols and Mary Holstead regarding the appearance of apparent bruises on Jack Brewer's face.

Sharon Nichols, a registered nurse and friend of the family testified that she viewed Jack's body after his death; that he had a discoloration on his left cheek which appeared to be a bruise. Mrs. Holstead gave similar testimony. Objection was made to Nichols' testimony that she was not a medical doctor and expert and that she should not be permitted to testify. Objection was made to Mrs. Holstead's testimony that the question to her was leading and suggestive.

The testimony was admissible.

■ Contention 3 asserts Issue 1 erroneously places the burden of proof on defendant to establish that the death of Jack Brewer was the result of suicide.

Issue 1 was: "Do you find from a preponderance of the evidence that the death of Jack Brewer was the result of suicide?

Answer: We do not."

The trial court's submission of Issue 1 was not error. *United Fidelity Ins. Co. v. Adair, supra; Combined American Ins. Co. v. Blanton,* 163 Tex. 225, 353 S.W.2d 847; *Prudential Ins. Co. of America v. Krayer, supra, Geraldine Stevens, Ind. and as Adm. v. The Travelers Ins. Co.,* Vol. 21 Tex. Sup.Ct. Journal p. 211.

All defendant's points have been considered and are overruled.

AFFIRMED.