Jacqueline TOMHAVE, Appellant,

v.

The OAKS PSYCHIATRIC HOSPITAL, Appellee.

No. 03–00–00766–CV.

Court of Appeals of Texas, Austin.

Feb. 28, 2002.

Rehearing Overruled April 11, 2002.

---

Kevin Glasheen Valles, P.C., Lubbock, for appellant.

Michael W. Fox, Steven L. Mierl, L.L.P., Austin, Laura E. Spatz, San Antonio, Haynes & Boone, for appellee.

Before Chief Justice ABOUSSIE, Justices YEAKEL and PATTERSON.

MARILYN ABOUSSIE, Chief Justice.

Jacqueline Tomhave, a licensed therapist, filed a retaliatory discharge action against her employer, The Oaks Psychiatric Hospital, and sought exemplary damages. *See* Tex. Health & Safety Code Ann. § 161.134 (West 2001) (whistleblower cause of action for hospital employee who reports illegal activity to supervisor or others). Both parties conducted discovery and after the cause had been pending for more than two years, the Hospital filed a no-evidence summary judgment motion. *See* Tex.R. Civ. P. 166a(i). The Hospital contended that Tomhave could provide no proof to support the causation element of her retaliatory discharge claim and she could provide no proof that the Hospital acted with malice to support her claim for exemplary damages. Tomhave responded to the motion and submitted proof she contended raised issues of fact regarding causation and exemplary damages. The district court granted the Hospital's motion. On appeal raising two issues, Tomhave contends that she presented proof that raised fact issues on both elements of causation and punitive damages. We will reverse the judgment and remand the cause to the district court for further proceedings.

## Background

Because this appeal follows a no-evidence summary judgment, we review the summary judgment proof in a light most favorable to the appellant. *Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex. App.-San Antonio 1998, pet. denied); *Jack-son v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 70 (Tex.App.-Austin 1998, no pet.).

The Hospital treats juvenile and adult sex offenders. Tomhave began working as a therapist at the Hospital in 1994. In June 1997, Tomhave returned from a brief vacation and learned that one of her juvenile patients had possibly had a sexual relationship with a Hospital staff employee. On June 2, Tomhave called Kat Neuberry, the Program Administrator, and told her that she had learned of an allegation that a Hospital staff employee may have been involved in a sexual relationship with one of her patients, that such conduct might be a felony offense, and that the incident should be reported to the Hospital's licensing agency, the Texas Department of Protective and Regulatory Services, for a possible investigation. According to Tomhave, Neuberry responded to her angrily and emphatically stated that "there was no proof of that." Tomhave interpreted Neuberry's comment to mean that Tomhave had no proof that there had been a sexual relationship between a Hospital staff employee and a juvenile patient.

On June 5, Tomhave, another therapist, and the unit coordinator held a group therapy session with the patients in Tomhave's unit. Tomhave informed the patients that she needed to discuss certain inappropriate incidents that occurred and she needed the group members to talk about those incidents as well as any other possibly inappropriate acts that had occurred within the unit. The group members told her that Hospital staff employees had purchased tobacco and rented R-rated movies for them, both of which were violations of Hospital rules. After this discussion, a group member talked about an incident when another group member bragged to him that he had sex with a Hospital staff employee. Immediately after this state-

ment, the other therapist and the unit coordinator left the session and went directly to Neuberry's office. After the group session, Tomhave also went to Neuberry's office to discuss again the possiblity that one of her patients had had a sexual relationship with a Hospital employee but Tomhave was not allowed to enter Neuberry's office. The next day, Tomhave was placed on suspension for "having inappropriate boundaries with the [patients]." On June 11, Tomhave was interviewed by Neuberry and others regarding her suspension. On June 13, Tomhave's suspension was converted to a termination for violations of clinical practice standards.

Tomhave believed that the Hospital's stated reason for terminating her employment—violations of clinical standards— was a pretext. She believed that the real reason her employment was terminated was because she in good faith reported to Hospital authorities the possibility of a sexual relationship between a Hospital staff member and one of her patients, which was possibly a criminal offense and probably violated a rule of either the Texas Board of Health and Mental Retardation or the Texas Board of Health, and further that she suggested Neuberry report the incident to the Department of Protective and Regulatory Services so it could conduct an investigation.

On September 29, 1997, Tomhave filed suit alleging that the Hospital terminated her employment in retaliation for her report to the Program Administrator of the Hospital that there possibly had been a sexual relationship between a juvenile patient and a Hospital staff employee. *See* Tex. Health & Safety Code Ann. § 161.134. On October 9, 2000, the Hospital filed the no-evidence summary judgment motion to which Tomhave responded. Tex.R. Civ. P. 166a(i). The district court .

granted the Hospital's motion and Tomhave appeals.

## Discussion

### *Standard of Review*

After an adequate time for discovery, a party without presenting proof may move for summary judgment based on the ground that there is no evidence of one or more essential elements of a claim or defense on which the adverse party would have the burden of proof at trial. Tex.R. Civ. P. 166a(i). The respondent to a no-evidence summary judgment motion is not required to marshal its proof but need only point out evidence that raises a fact issue on the challenged elements. Tex.R. Civ. P. 166a cmt.1997. In reviewing a no-evidence summary judgment, we apply the same standard used in reviewing a directed verdict. *Moore*, 981 S.W.2d at 270; *Jackson*, 979 S.W.2d at 70. We review the evidence in the light most favorable to the respondent, disregard all contrary evidence and inferences, and resolve all doubts in the respondent's favor. *Moore*, 981 S.W.2d at 270. A no-evidence summary judgment is improperly granted if the respondent points out more than a scintilla of probative evidence that raises a genuine issue of material fact. *Id.;* Tex.R. Civ. P. 166a(i). That is, a no-evidence summary judgment is reversible if the respondent points to evidence in the record that "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997).

### *Retaliatory Discharge Cause of Action*

A hospital, mental health facility, or treatment facility may not suspend or terminate the employment of an employee for reporting to the employee's supervisor, an administrator of the facility, or a state regulatory agency a violation of law. Tex.

Health & Safety Code Ann. § 161.134(a). A plaintiff who prevails in a retaliation suit under section 161.134 may recover actual and exemplary damages and reasonable attorney's fees. *Id.* § 161.134(c), (d). A plaintiff claiming retaliation under section 161.134 has the burden of proof, except that the statute contains a rebuttable presumption that the plaintiff's employment was terminated for making a report related to a violation if the termination occurred before the sixtieth day after the date on which the plaintiff made a report in good faith. *Id.* § 161.134(f). Nothing indicates that this presumption is anything other than an ordinary rebuttable presumption which does not shift the burden of proof. *Texas Water Rights Comm'n v. Wright,* 464 S.W.2d 642, 646 (Tex.1971). It is the type of rebuttable presumption that can stand only in the absence of evidence to the contrary. *Id.* (citing IV Wigmore, *Evidence,* §§ 1353, 1356 (3d ed.1940)). Once rebutted, the presumption vanishes and the facts that gave rise to the presumption remain for the finder of fact's consideration even though the presumption has vanished. *Garza v. City of Mission,* 684 S.W.2d 148, 152 (Tex.App.-Corpus Christi 1984, no writ) (citing *Wright,* 464 S.W.2d at 646).

■ The essential elements of a retaliatory discharge cause of action under section 161.134 include:

(1) that the employee was suspended, terminated, disciplined or otherwise discriminated against;

(2) the employee reported a violation;

(3) the report was made to a supervisor, an administrator of the facility, a state regulatory agency, or a law enforcement agency; and

(4) the report was made in good faith.

*Id.* § 161.134(a), (f). The Texas Supreme Court established a general causation standard to be applied in whistleblower and similar cases, stating "the employee's protected conduct must be such that, without it, the employer's prohibited conduct would not have occurred when it did." *Texas Dept. of Human Servs. v. Hinds,* 904 S.W.2d 629, 636 (Tex.1995). We see nothing in the Health and Safety Code that would cause us to depart from the "but-for" causation standard that has been applied in other whistleblower cases. *Id.* Thus, in order to prevail at trial, Tomhave would be required to prove by a preponderance of the evidence that the Hospital would not have terminated her employment when it did "but for" her report.

### Review in this Cause

■ In its no-evidence summary judgment motion, the Hospital contended it was entitled to summary judgment because Tomhave could point to no proof showing that but for her report, her employment termination would not have occurred when it did. The Hospital contended that Tomhave relied solely on her own subjective beliefs and the timing of her termination to show a causal nexus between her report and her employment termination. The Hospital contended that this proof did not rise to a level that would enable reasonable and fair-minded people to differ in their conclusions that Tomhave's employment would have been terminated when it was regardless of her report. Additionally, the Hospital contended that Tomhave could produce no evidence that the Hospital acted with malice to support her claim for exemplary damages.

■ On appeal, Tomhave contends that she presented sufficient proof to the district court to overcome the Hospital's no-evidence summary judgment challenge on the issues of causation and punitive damages. Courts recognize the inherent difficulty of producing direct evidence of an employer's improper motivation for ter-

minating employment, particularly at the summary judgment stage of legal proceedings. *See Ruiz v. City of San Antonio*, 966 S.W.2d 128, 132 (Tex.App.-Austin 1998, no pet.) (citing *Castaneda v. Texas Dep't of Agric.*, 831 S.W.2d 501, 505 (Tex.App.-Corpus Christi 1992, writ denied)). Consequently, causation may be established by either direct or circumstantial evidence and reasonable inferences from such evidence. *Paragon Hotel Corp. v. Ramirez*, 783 S.W.2d 654, 658 (Tex.App.-El Paso 1989, writ denied). Factors including timing, adverse employment action taken soon after the protected activity; knowledge of the protected activity by employees making the decision to suspend or terminate employment; a negative attitude towards the protected activity; deviation from company policy or disparate treatment of similarly situated employees; and whether the stated reason for employment termination is false or only a pretext all can be considered circumstantial evidence that a report of unlawful activity caused or led to termination of employment. *Continental Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 450 (Tex.1996). While these factors are not exclusive, they reflect the type of circumstantial proof that could tend to establish causation in a retaliatory termination case. *Investment Props. Mgmt., Inc. v. Montes*, 821 S.W.2d 691, 694 (Tex.App.-El Paso 1991, no writ).

Tomhave initially reported the possible violation on June 2, 1997. She again attempted to report it only a few days later when another patient suggested that there had been a sexual relationship between a juvenile patient and a Hospital staff employee. When Tomhave went to discuss the issue again with Neuberry, Tomhave found Neuberry's office door locked and Tomhave's coworkers who had been present at the group session refused to discuss the events with her after they left Neuberry's office. The next morning, Terri Lipp,

Tomhave's direct supervisor, called her into Lipp's office. During this meeting, Tomhave again reported the possibility of a sexual relationship between a Hospital staff employee and one of the patients. Lipp then suspended Tomhave's employment pending an investigation of her inappropriate boundaries with a patient. A week later Tomhave's employment was terminated for violations of clinical practice standards rather than inappropriate boundaries with a patient.

■ Section 161.134 provides that timing in a retaliatory discharge claim is so important that a rebuttable presumption exists if employment is terminated within sixty days of an employee's report of a violation. Tex. Health & Safety Code Ann. § 161.134(f). Even if the presumption is rebutted, the facts surrounding the timing of suspension and termination remain for the finder of fact's consideration because a verdict for retaliatory discharge may be based upon the immediacy of suspension or termination following a report. *Garza*, 684 S.W.2d at 152. Tomhave also pointed out the negative attitude displayed by Neuberry and Lipp toward her when she first reported the possible sexual relationship and later when she attempted to discuss the incident further with them. Neuberry immediately became very angry when Tomhave initially reported the incident to her. According to Tomhave, rather than inquire about the incident, Neuberry started yelling at her and told her there was no evidence that there had been a sexual relationship between a staff employee and a juvenile resident. Neuberry and Lipp both directed Tomhave not to investigate any of the allegations. Tomhave, as the therapist for the juvenile resident sex offender allegedly involved in the incident, had a professional obligation in discovering whether her patient had in fact engaged in recent and improper sexual activities. Tomhave contends that Neuberry's and

Lipp's instruction to her that she not investigate her patient's activities exhibited a strong negative attitude on their part from which a reasonable finder of fact might conclude that she was discharged for reporting the violation.

Tomhave also contends that the fact that she was first suspended for one reason and then terminated for a different reason further demonstrates that the reason given for her employment termination was merely a pretext. Finally, Tomhave contends that before her suspension and termination, she had never before been suspended, reprimanded or counseled about any negative job performance.

We hold that Tomhave has pointed to proof, including among other facts the timing of her termination and the immediately negative reaction of her superiors, that gives rise to a material fact issue about the causal link between Tomhave's termination and her report to Neuberry of a possible sexual relationship between a staff member and a juvenile patient and her suggestion that the incident be reported to regulatory authorities. These same facts, coupled with the change in reasoning for her suspension and her employment termination create an issue of material fact about whether Tomhave's employment was terminated in retaliation for her report of a possible violation of law.

## Conclusion

Viewing the summary judgment proof in a light most favorable to the respondent to the no-evidence summary judgment motion, we hold that Tomhave pointed to proof that would enable reasonable people to differ in their conclusions about the elements of causation and exemplary damages in Tomhave's retaliatory discharge action. Tomhave's issues are sustained. The judgment is reversed and the cause is remanded to the district court for further proceedings.

PATTERSON, J., filed dissenting opinion.

JAN P. PATTERSON, Justice, dissenting.

Tomhave asked the following question in a telephone call to appellee's program administrator: "What if [an employee] was having a sexual relationship with [the juvenile resident]?" As the therapist in charge of the juvenile, Tomhave was aware that the administration, after receiving information that an employee was allegedly having inappropriate relations with a juvenile resident, was conducting an investigation.[1] Following the investigation into the care of the juvenile, which disclosed numerous deficiencies in his treatment and discharge, appellee terminated Tomhave for violating its policies and procedures. The telephone call,[2] Tomhave claims, entitles her to the whistle-blower protection of section 161.134. See Tex. Health & Safety Code Ann. § 161.134 (West 2001).

Appellee moved for summary judgment on the ground, among others, that Tom-

---

1. In her original petition, Tomhave asserted that she learned of the alleged violation when she returned from a vacation and that the matter had already been brought to the attention of the administration. Nevertheless, the next day, because she feared "that nothing further was apparently going to be said or done about the situation," she, too, called an administrator to "report" the incident.

2. This is the only whistle-blowing statement Tomhave alleges in her petition. Tomhave does not claim her termination resulted from her report to the Texas Department of Regulatory Services, which did not occur until August 3, 1997, two months after her termination and shortly before she filed this lawsuit.

have failed to show a causal link between the alleged report of a violation of law and her termination. Having carried its burden to establish that it terminated Tomhave for a legitimate, non-retaliatory reason, appellee was entitled to summary judgment unless Tomhave presented summary judgment evidence raising a genuine issue of material fact on this challenged element. *See Texas Division–Tranter, Inc. v. Carrozza*, 876 S.W.2d 312, 313 (Tex. 1994) (per curiam). Because Tomhave failed to raise a material issue of fact that the reasons for her termination were pretextual, I respectfully dissent.

Rule 166a(i) authorizes summary judgment if, after adequate discovery time, there is no evidence of one or more essential elements of a claim or defense on which the adverse party would have the burden of proof at trial. Tex.R. Civ. P. 166a(i). The party with the burden of proof at trial has the burden of proof in the summary judgment proceeding. Once the movant specifies the elements on which there is no evidence, the non-movant has the burden to produce evidence raising a fact issue on them. *Id.* A no-evidence summary judgment is improperly granted if the non-movant brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact on the challenged elements. *Id.* cmt (1997 amendment); *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997).

Here, appellee identified causation as an essential element of Tomhave's claim and one upon which she has the burden of proof. The health-care Whistleblower Act prohibits a mental health facility from terminating an employee who reports illegal activity. Tex. Health & Safety Code Ann. § 161.134. The employee must demonstrate that the termination was "for reporting" a violation, and that without the report, the alleged retaliatory conduct would not have occurred when it did.[3]

The statute further requires us to presume the causal nexus exists if the retaliatory conduct occurs within sixty days of reporting a violation. *Id.* This presumption is rebuttable; it does not shift the burden of proof, which remains at all times with the employee. *Id.* § 161.134(f); *Department of Human Servs. v. Hinds*, 904 S.W.2d 629, 637 (1995); *Texas Natural Res. Conservation Comm'n v. McDill*, 914 S.W.2d 718, 723 (Tex.App.-Austin 1996, no writ); *Garza v. City of Mission*, 684 S.W.2d 148, 151–52 (Tex.App.-Corpus Christi 1984, writ dism'd). Importantly, the presumption stands *only* in the absence of evidence to the contrary. *Temple Indep. Sch. Dist. v. English*, 896 S.W.2d 167, 169 (Tex.1995) ("A presumption is simply a rule of law requiring the trier of fact to reach a particular conclusion in the absence of evidence to the contrary."); *Texas Water Rights Comm'n v. Wright*, 464 S.W.2d 642, 646 (Tex.1971); *Combined Am. Ins. Co. v. Blanton*, 163 Tex. 225, 353 S.W.2d 847, 849 (1962) ("[A] presumption is an artificial thing, a mere house of cards, which one moment stands with sufficient force to determine an issue, but at the next, by reason of the slightest rebutting evidence, topples utterly out of consideration of the trier of facts."). Once sufficient evidence is produced to support a finding of the non-existence of the presumed fact, the case then proceeds as if no

---

3. The requirement of a causal link is explicit in the statute at issue here. In *Department of Human Services v. Hinds*, the supreme court concluded that the Whistleblower Act, section 554.003(a), which contains a prohibition for termination of an employee "who in good faith reports a violation of law," requires proof of a causal link between a report of illegal conduct and the employer's alleged retaliatory conduct even though that element is not explicit in the statute. 904 S.W.2d 629, 633 (1995).

presumption ever existed. *Texas A & M Univ. v. Chambers*, 31 S.W.3d 780, 784–85 (Tex.App.-Austin 2000, pet. denied); *Garza* at 152.[4] Because rule 166a(i) does not prohibit the movant from meeting its burden of production to rebut a presumption, the trial court properly allowed appellee to present proof to rebut the presumption of retaliation created by section 161.134. *See Gold v. City of College Station*, 40 S.W.3d 637, 645 (Tex.App.-Houston [1st Dist.] 2001, pet granted, judgm't vacated w.r.m.); *see also Jackson v. Fiesta Mart*, 979 S.W.2d 68, 70 (Tex.App.-Austin 1998, no pet.) (comparing no-evidence summary judgment to directed verdict).

In moving for summary judgment, appellee argues that Tomhave cannot prove a causal link between her report and her termination. Appellee contends that it discharged Tomhave because she violated various policies and therapeutic practices—not because she reported a violation. In support of its assertion that Tomhave was terminated for legitimate, non-retaliatory reasons—and to rebut the statutory presumption—appellee offered extensive affidavits, deposition excerpts, and a statement of facts with record references. Appellee filed affidavits of its chief operations officer, the facility's executive medical director, and chief executive officer, establishing that Tomhave's termination resulted from deficiencies in her care and clinical practices relating to the juvenile.

In addition, various witnesses testified to the reasons for Tomhave's termination. Terry Lipp, director of clinical services, testified in deposition that in May 1997 she discussed the conditions of the juvenile's impending discharge with Tomhave: he had to (i) receive and hold a permanent job and participate in after-care therapy funded by the State of Montana for a minimum of six months; (ii) be registered as a sex offender in Texas; and (iii) have his probation transferred from Montana to Texas and remain on probation in Texas. When Lipp reviewed the juvenile's medical chart for treatment notes, she discovered discrepancies, omissions and documentation errors. A subsequent audit of medical and treatment records revealed that Tomhave had either departed from or ignored the instructions regarding the discharge conditions: she failed to transfer the juvenile's probation; she failed to document any after-care treatments; she discharged the juvenile without a permanent job; and she failed to secure after-care payment arrangements with Montana. Lipp also testified that Tomhave allowed the juvenile to leave campus without supervision or approval and to stop attending group thera-

**4.** In her response to the motion, Tomhave argues that appellee may not challenge the statutory presumption by way of a no-evidence summary judgment motion and is prohibited from presenting evidence in support of its motion. She contends that, because the presumption requires appellee to show that she was terminated for a non-retaliatory reason, appellee was required to challenge the causation element in a traditional summary judgment motion.

That Rule 166a(i) permits a motion for summary judgment to be filed "without presenting summary judgment evidence" does not mean that supporting evidence may not be filed. A no-evidence motion does not contemplate or *require* supporting evidence; neither does it prohibit consideration of evidence. *See* Tex.R. Civ. P. 166a(i). To prohibit a movant from attaching evidence to a no-evidence motion to rebut a presumption would exempt plaintiffs from no-evidence summary judgments in cases involving presumptions. Tomhave cites no authority for this proposition. At most, in cases where a moving party includes summary judgment evidence, we simply conduct the review as though the motion for summary judgment were a traditional one. *See Grimes v. Andrews*, 997 S.W.2d 877, 880 n. 1 (Tex.App.-Waco 1999, no pet.).

py. Lipp reported her findings to the chief operations officer and program administrator Kat Neuberry, who both testified by deposition to the reasons for Tomhave's termination.

In its summary judgment evidence, then, appellee established that Tomhave (i) failed to follow the requisite discharge plan for the juvenile; (ii) failed to document the arrangements or payment for post-discharge therapy which was a condition of the juvenile's discharge; (iii) allowed the juvenile to stop attending group sessions in violation of appellee's policies and procedures; and (iv) failed to maintain supporting records and documentation in connection with the juvenile's diagnosis, treatment, and preparation for discharge. Thus, appellee produced abundant and uncontroverted evidence that Tomhave was terminated for legitimate, non-retaliatory reasons.

To defeat appellee's no-evidence summary judgment motion, Tomhave bore the burden of presenting evidence that appellee's reasons for terminating her were pretextual. *See M.D. Anderson v. Willrich,* 28 S.W.3d 22, 24 (Tex.2000) (citing *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 142–43, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)). In her response to the motion, Tomhave acknowledges that appellee successfully rebutted the presumption and that she must raise a fact question as to the *challenged* element, *i.e.,* whether she was terminated for a legiti-

mate, non-retaliatory reason, or whether the proffered reason was a pretext. Tomhave had to produce more than a scintilla of evidence on this element. This she failed to do. Tomhave's response to the motion for summary judgment did not address the evidence in her summary judgment proof as it related to causation—the challenged element.

A plaintiff must often prove retaliatory discharge by circumstantial evidence.[5] Circumstantial evidence may be used to establish a material fact, but the circumstantial evidence must transcend mere suspicion; the material fact must be a reasonable inference from the known circumstances. *Lozano v. Lozano,* 52 S.W.3d 141, 149 (2001). When circumstantial evidence is so slight that any plausible inference is purely a guess, it is in effect no evidence. *Id.* at 148. To be more than a mere scintilla, evidence must rise "to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Havner,* 953 S.W.2d at 711 (citing *Burroughs Wellcome Co. v. Crye,* 907 S.W.2d 497, 499 (Tex.1995)). Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a surmise or suspicion of a fact." *Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex.1983) (quoting *Havner,* 953 S.W.2d at 711).

As evidence of appellee's retaliatory motive, Tomhave presented the following circumstantial evidence:[6] (i) that appellee

---

**5.** The Texas Supreme Court's *Continental Coffee* opinion does not specifically endorse the use of the factors set forth in the majority opinion. Rather, the court noted that the court of appeals relied upon those factors and the court did not disapprove. *Continental Coffee Prods. Co. v. Cazarez,* 937 S.W.2d 444, 450 (Tex.1996).

**6.** Tomhave did not submit an affidavit but supported her response with excerpts from four depositions. In addition to excerpts

from her own deposition, Tomhave attached brief excerpts from the deposition of the juvenile, two pages of Lipp's deposition, and six pages of the deposition of appellee's personnel director. The deposition excerpts relied upon by Tomhave do not controvert appellee's proof that Tomhave's termination was for legitimate, non-retaliatory reasons. Her own deposition focused on her suspicions of a relationship between the juvenile and the direct-care employee and the steps she took to re-

terminated Tomhave within sixty days of her report of the violation; (ii) a "negative attitude" displayed by Neuberry and Lipp when she made the report; (iii) the fact that appellee's reasons for suspending Tomhave were different than its reasons for terminating her; and (iv) the fact that she had never before been suspended, reprimanded or counseled about any negative job performance. Although Tomhave relies primarily on the temporal proximity between her telephone call to Neuberry and the date of her termination, she cites no authority for the proposition that temporal proximity by itself is sufficient to raise a fact issue on retaliatory motive. Contrary to the majority's opinion, proximity alone is insufficient to rebut an employer's proffered non-retaliatory explanation for its adverse employment decision. *E.g.*, *Swanson v. General Servs. Admin.* 110 F.3d 1180, 1188 (5th Cir.1997) (stating that if timing alone were enough, any action taken, no matter how justified, could be sustained as retaliatory); *Johnson v. University of Wisconsin–Eau Claire*, 70 F.3d 469, 480 (7th Cir.1995). Moreover, appellee's summary judgment evidence amply rebutted the statutory presumption.

Likewise, Tomhave's evidence of a "negative attitude" by Neuberry and Lipp is insufficient to establish the causal connection. She speculates that, because Neuberry and Lipp instructed her not to investigate the allegations, they were hostile toward the report itself. It is as likely that Neuberry and Lipp, who were responsible for investigating the circumstances of the treatment and discharge of a juvenile sex offender, sought to conduct their investigation without interference from those who were the subject of their

inquiry. *See generally Texas Farm Bureau Ins. Cos. v. Sears*, 54 S.W.3d 361 (Tex.App.-Waco 2001, no pet.) (discussing duty of care in conducting an investigation). Appellee had a duty to conduct the investigation in a proper manner and the fact that it did not include Tomhave, who was on vacation when the investigation commenced, is no evidence. *See City of Fort Worth v. Zimlich*, 29 S.W.3d 62, 69 (Tex.2000) (evidence that adverse employment action was preceded by a supervisor's negative attitude toward an employee's report of illegal conduct is not enough to show causal connection); *Continental Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 451 (Tex.1996) (company's legally justified conduct of investigating workers' compensation claims and contesting cause of alleged on-the-job injuries not evidence of a negative attitude toward employee or retaliation).

Although Tomhave argues in her brief that the stated reasons for her termination were false, she offers no evidence for that proposition. Instead, she urges that conclusion from evidence that she was terminated for a reason different than the reason for which she was initially suspended. The evidence adduced establishes that Tomhave's termination resulted from clinical mismanagement of the treatment and discharge of the juvenile, but her initial suspension was for *allegations* of "inappropriate boundaries" with the resident. In the absence of evidence that appellee's reasons for terminating or suspending Tomhave were pretextual, the fact that the termination turned on a broader pattern of deficiencies is not proof of retaliatory conduct. Further, the fact that Tomhave had

---

port her suspicions. She testified to her belief that her termination was "perhaps" due to her report. The juvenile's deposition addressed whether Tomhave gave him any gifts or special favors. Neither the two pages of

Lipp's deposition or the six pages of the personnel director's deposition that Tomhave attached to her response controvert appellee's legitimate, non-retaliatory reasons for the termination.

never before been reprimanded, suspended, or terminated does not constitute evidence that, on *this* occasion, her termination was improper.

While Tomhave vigorously disputed appellee's motivations in her response to the motion, she failed to point to any competent evidence to controvert the grounds established by appellee, including on the issue of exemplary damages discussed summarily in the majority's opinion. Viewed together or alone, the factors cited by Tomhave and relied upon by the majority do not transcend mere suspicion or surmise or constitute sufficient proof to controvert appellee's summary judgment proof. Tomhave's subjective belief is insufficient for a jury to reasonably infer that appellee terminated her *for reporting* the violation. *Texas Division–Tranter, Inc.*, 876 S.W.2d at 314; *Anderson v. Snider*, 808 S.W.2d 54, 55 (1991); *Vallance v. Irving C.A.R.E.S., Inc.*, 14 S.W.3d 833 (Tex.App.-Dallas 2000, no pet.); *Jenkins v. Guardian Indus.*, 16 S.W.3d 431, 435–36 (Tex.App.-Waco 2000, pet. denied). Thus, I would hold that Tomhave has not produced the requisite scintilla of evidence necessary to defeat appellee's motion.

## CONCLUSION

Tomhave mistakes her burden in responding to appellee's summary judgment motion. Because she bears the burden of proof on the issue at trial, it is up to her to come forward with specific evidence on the challenged element. Her belief that appellee's actions were retaliatory does not suffice to establish a genuine issue of material fact. No reasonable jury could conclude, based on the scant evidence cited here, that appellee retaliated against Tomhave for her report. Under these circumstances, I do not believe the trial court erred in granting summary judgment in appellee's favor. I respectfully dissent.